## LEANDER DOUGLAS *et al.*, Plaintiffs in Error, *v.* SAMUEL P. WHITING, Defendant in Error.

### ERROR TO KNOX.

An attempt to proceed by petition and summons under the statute to obtain judgment on a note, may sustain a judgment, although the service was defective, if the petition contains the essentials of a declaration in debt.

A levy under an execution should be indorsed upon it. The levy and return are distinct things, and both should be clear, precise and explicit.

An execution should expressly direct a levy upon the property of the judgment debtor, by inserting his name, or the sale under it will be a nullity, and also the deed following it.

An execution commanding a debt to be made of the goods, etc., lands, etc., of ——, leaving a blank for the name of the judgment debtor, is void.

THE facts necessary to a full understanding of this case, will be found in the opinion of the Court.

The Circuit Court of Knox, LAWRENCE, Judge, presiding, rendered a judgment for defendant, and the plaintiffs in that court bring the case to this.

A. M. CRAIG, for Plaintiffs in Error.

The record in the original case of *Isaac Armstrong* v. *Samuel P. Whiting*, shows a valid judgment, which was offered in evidence ; and a purchaser of real estate sold under the judgment is not bound to go behind the record of judgment to see whether all the requirements of the law were fulfilled prior to the rendition of judgment. *Grignon's Lessee* v. *Astor*, 2 Howard's U. S. R. 340, 341; 3 Peters' R. 204, 205, 206, 207; *Thompson* v. *Tolnire*, 2 id. 168; *Perkins* v.

*Tanfield,* 11 Mass. 227 ; *United States* v. *Aredondo et al.,* 6 Peters' R. 728, 729.

It is substantially decreed in 13 Ill. 169, that a judgment rendered in a County Court against an administrator, without service of summons, or notice of the pendency of the claim, is a binding judgment, until vacated or set aside by a court of competent jurisdiction.

It is decided in the case of *Landers* v. *Brunt,* 10 Howard's U. S. Rep., pp. 370, 371, that, even if there is no service, the judgment is good ; that in an *action of ejectment* the judgment cannot be impeached collaterally for the want of' service.

The judgment in the case of *Isaac Armstrong* v. *Samuel P. Whiting* was rendered April 24, 1857. Our statute gives a defendant five years in which to take a case to the Supreme Court, and reverse the judgment for *error.*

Will the policy of the law permit a defendant to slumber on his rights until barred by limitation, and then, having his judgment paid by sale of real estate, turn round and defeat the title acquired by an innocent purchaser under a judgment, which defendant by his silence, and by not prosecuting a writ of error, admits to be a valid judgment ?

A. TYLER, for Defendant in Error.

In a suit by *petition* under our statute, the manner of service is by delivering a copy of petition and summons to defendant. Rev. Stat. 1845, p. 417 and 418, secs. 33, 34, 35, 36 and 37. Without this kind of service, the court has no jurisdiction of the person of the defendant, and its judgment is void. *Bellingall* v. *Greer,* 3 Scam. 575 ; *Ogle* v. *Coffey,* 1 Scam. 239 ; *Ball et al.* v. *Shattuck,* 16 Ill. 299 ; *Bancroft* v. *Speer,* 24 Ill. 228 ; *Pardon* v. *Dwire et al.,* 23 Ill. 572 ; *Cast et al.* v. *Rose,* 17 Ill. 277.

When a judgment or execution is void, it may be taken advantage of collaterally in an action of ejectment. *Bybee* v. *Ashby,* 2 Gilm. 166 ; *Pardon* v. *Dwire et al.,* 23 Ill. 572 ; *Buckmaster et al.* v. *Carlin,* 3 Scam. 105.

An execution is void unless it commands the officer to levy

upon the property of some person named in it, and the officer's acts under it are without authority and void. An execution is a command to the officer, and his power is derived from it. 1 Blackf. 210 ; *Bybee* v. *Ashby*, 2 Gilm. 166 ; 3 Blackf. Com. 412 ; 4 Blackf. Com. 404 ; Holthouse Law Dict. *Fieri Facias*, 206 ; *Hinman* v. *Pope*, 1 Gilm. 136 to 141.

The plaintiffs in error purchased of the plaintiff in execution, who purchased the land at the sheriff's sale, and got no better right than he had ; and in order to recover, they must show a valid judgment, execution, and sale under it. *Bybee* v. *Ashby*, 2 Gilm. 163 ; *Hinman* v. *Pope*, 1 Gilm. 131 ; *McLogan* v. *Brown et al.*, 11 Ill. 523, 524.

BREESE, J. This was an action of ejectment, brought in the Knox Circuit Court, at the October term, 1861, by the plaintiffs in error against the defendant in error, to recover their proportion of a certain tract of land in that county.

To make out their title, the plaintiffs introduced the record of a judgment regularly entered in the Knox Circuit Court, at the April term, 1857, in the name of Isaac Armstrong, plaintiff, and against the defendant in error, in an action of debt.

An execution and fee bill issued on this judgment, a levy by the sheriff on the land in question, and a sale of it by him to the plaintiff in the execution. A deed from the sheriff to Armstrong, and a deed from Armstrong to the plaintiffs in the ejectment suit, were also in evidence by the plaintiffs ; and on proving that defendant was in possession of the premises at the time of the service of the copy of the declaration, they rested their case.

The defendant then, to maintain the issue on his part, read in evidence the summons and return in the action of Armstrong against Whiting, which is in the usual form, " to answer unto Isaac Armstrong in a plea, that he render unto the said Armstrong the sum of three hundred and twenty-four dollars and fifty cents, which he owes and unjustly detains from the said Armstrong, to his damage, etc.

Attached to this summons was the following : " In the Cir-

cuit Court of Knox county, *ss.* April term, 1857. Isaac Armstrong, plaintiff, states that he holds a note on the defendant, S. P. Whiting, in substance as followeth: ' One day after date, I, for value received, promise to pay to Isaac Armstrong, or bearer, three hundred and twenty-four dollars and fifty cents. S. P. WHITING.' Yet the said debt remains unpaid, and therefore he prays judgment for his debt, and damages for the detention of the same, together with his costs. Boyd & Boggs, att'ys for pl'ffs."

The return on the summons was in these words : " Served on the within S. P. Whiting, by reading the same to him, this 8th day of April, A. D. 1857. G. W. Guke, sheriff."

Now it is insisted by the defendant that this was a proceeding by petition and summons under the statute, and a legal service thereof could only be by serving a copy of the petition with the summons annexed upon the defendant, and service by reading is insufficient, and will not sustain the judgment.

This was undoubtedly an attempt by the attorneys of the plaintiffs to proceed by petition and summons, but they failed to see that the statute was complied with. Does it follow from that, that the proceedings and judgment are void ? We think not. The petition contains all the essentials of a declaration of debt. There is a venue—it is entered at a regular term of court—it has a plaintiff and defendant—it claims a certain sum to be due from the defendant to the plaintiff, giving a copy of the note out of which the alleged indebtedness arises—alleges that the debt remains unpaid, praying a judgment for the debt and damages together with costs, and is signed by an attorney. What other requisite of a good declaration in debt is wanting in this petition? Unless demurred to, it would justify, in any court, a judgment for the debt, damages and costs, and such judgment would be good for all purposes until reversed.

No exceptions can be alleged to the service of the summons ; that complies with the law in every particular. Here, then, is a case where a regular judgment has been recovered in an action of debt in a court of competent jurisdiction, after

due service of process, and it cannot be attacked, certainly not collaterally, in any action. The judgment must stand in full force until reversed, or satisfied, and the court decided correctly in refusing to exclude it from the jury.

The next item of evidence offered by the plaintiffs, was the execution and fee bills issued upon this judgment. On the execution there is no levy indorsed, but it is stated in the return, all which is improper and irregular. The levy is one thing, and should be distinct and specific—the return is altogether a different matter from a levy, but both should be clear, plain and explicit. The execution was admitted in evidence against the objections of the defendant, yet the court found on the whole case a verdict for the defendant. The execution should have been ruled out by the court, for a manifest defect in it. The sheriff is not commanded by it, " that of the goods and chattels, lands and tenements of Whiting, the defendant, he make, or cause to be made, the amount of the recovery." In this respect, the execution is blank : " We command you, that of the goods and chattels, lands and tenements of             in your county, you make, or cause to be made," etc.

It is indispensable, before one's property can be sold under a judgment against him, there should be an execution against the property of the judgment debtor. There has been none in this case ; consequently the sale of the premises is null and void, and the sheriff's deed also. Had the execution been carefully prepared, as it was the duty of the clerk to have done, the plaintiffs could not have failed of a recovery. By his negligence, they must lose the suit. The judgment is affirmed.

*Judgment affirmed.*