FERDINAND SETZKE

*v.*

WILLIAM SETZKE *et al.*

*Filed at Ottawa May 12, 1887.*

1. NEW TRIAL IN EJECTMENT—*condition to new trial under the statute.* The right of a party to a new trial in ejectment, under the statute, depends upon his payment of all the costs.

2. SAME—*vacating order for new trial at a subsequent term.* An order granting a new trial in ejectment, under the statute, upon the payment of the costs, is interlocutory, and not final; and when the costs are not paid within the year, the court may, at a succeeding term, vacate such order and strike the case from the docket.

. 3. SAME—*evidence of non-payment of costs.* On a motion to vacate an order for a new trial in ejectment, granted under the statute, for the failure of the party to pay the costs, no other evidence on the question is necessary than the records of the court.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. ANDREW ENZENBACHER, for the appellant:

Is was error to set aside the order granting a new trial without any evidence presented by affidavit, or otherwise.

The court had no power at the September term, 1886, to set aside the order of the June term, 1885.    Setting aside

such order was practically the rendition of a new judgment. When a new trial is granted, the whole proceeding up to that time is wiped out, and the parties stand as if no trial was ever had. *Edwards* v. *Edwards,* 22 Ill. 122.

Messrs. PINCKNEY & TATGE, for the appellees:

The statute makes the payment of all costs a condition precedent to a new trial. Rev. Stat. chap. 45, sec. 35; *Emmons* v. *Bishop,* 14 Ill. 153; *Goodhue* v. *Baker,* 22 id. 264; *Oetgen* v. *Ross,* 36 id. 339; *Pugh* v. *Reat,* 107 id. 442.

The court had no power to set aside the judgment until the costs were paid. *Oetgen* v. *Ross,* 36 id. 339.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by appellees, in the circuit court of Cook county, against appellant, to recover certain premises in Chicago. On the 19th day of June, 1885, the parties, by agreement, waived a jury, and a trial was had before the court, resulting in a judgment in favor of the plaintiffs. On the day the judgment was rendered, the defendant entered a motion for a new trial, under the statute, and it is fair to presume, from what subsequently appeared, that the court allowed a new trial, but the record does not affirmatively show that fact. On September 25, 1886, on proper notice, a motion was entered to vacate an order entered on the 19th day of June, 1885, granting a new trial, under the statute. On the hearing of this motion, the defendant offered to pay the costs, which would entitle him to a new trial if paid within one year from the rendition of the judgment, but the court disregarded the offer, and entered an order vacating the order of June 19, 1885, granting a new trial. To reverse this last order appellant appealed.

The provision of the statute, under which a new trial may be granted in an action of ejectment, is as follows: "At any time within one year after a judgment, either upon default or ver-

dict, in the action of ejectment, the party against whom it is rendered, his heirs or assigns, upon the payment of all costs recovered therein, shall be entitled to have the judgment vacated and a new trial granted in the cause.", Rev. Stat. chap. 45, sec. 35.

It is manifest that in no case is a party entitled to a new trial in an action of ejectment, under the statute, unless he has first complied with the conditions precedent therein named. (*Emmons* v. *Bishop*, 14 Ill. 153.) Here was a motion made for a new trial, and an order granting it; but the order so made was interlocutory, merely, and conditional, that the costs would all be paid within one year from the rendition of the judgment. This was not done, and the court finding the case on the docket after the expiration of the time allowed 'for the payment of the costs, and no payment having been made, possessed undoubted authority to strike the case from the docket, and vacate the interlocutory order previously made in the cause.

The suggestion that the order of September 25, 1886, was, in effect, rendering a new judgment in the cause at a subsequent term of court, is predicated on the supposed fact that the judgment ordering a new trial was a final and conclusive judgment, which is not the case, and hence the argument is not tenable.

It is also insisted, that the judgment is erroneous because the court heard no evidence whatever bearing on the question. The records of the court, which showed every material fact necessary to pass on the motion, were before the court, and no other evidence was necessary or required.

As the costs were not paid, or offered to be paid, within the time required by the statute, the order granting a new trial was properly vacated, and the judgment will be affirmed.

*Judgment affirmed.*