## The People of the State of Illinois
## v.
## Harry Smith et al.

*Practice—Forfeiture of Recognizance—Payment of Costs.*

1. A mere offer, in a given case, to pay the costs of a recognizance, is not a literal compliance with the statute providing that a forfeiture thereof shall not be set aside until such costs are paid, and until actually paid, sureties who have caused the arrest and return of an absconding defendant, are not entitled to an order setting aside such forfeiture.

[Opinion filed March 3, 1892.]

Appeal from the Circuit Court of Fayette County; the Hon. J. J. Phillips, Judge, presiding.

Mr. J. M. Albert, State's Attorney, for appellant.

Messrs. Farmer, Brown & Turner, for appellees.

Sample, J. The defendant, Harry Smith, on the 23d day of October, 1889, entered into a recognizance before a justice of the peace, in the sum of $500, with the other defendants as sureties, for his appearance on the first day of the February term, 1890, of the Circuit Court of Fayette County, to answer to a charge of an assault with a deadly weapon with intent to inflict a bodily injury, at which term of the Circuit Court he

was indicted by the grand jury.. The recognizance was duly
certified to by the said court, and the said defendant not ap-
pearing at said term, the recognizance was declared forfeited,
and *scire facias* awarded. Instead of proceeding by *scire
facias* to prosecute the forfeiture to final judgment, the State's
attorney brought an action of debt to the September term,
1890, of said court. Afterward, at said term, the sureties filed
their motion to set aside said judgment of forfeiture thereto-
fore entered at the February term, and in support thereof,
filed the affidavit of John Ging, one of the sureties, to the
effect that their principal, Harry Smith, after entering into
said recognizance had, without the knowledge, consent, or
procurement of his sureties, fled from the State of Illinois,
and did not appear at said February term to answer said charge
or indictment, which indictment was still pending on the
docket for trial; that the sureties had, at great expense to
themselves, caused him to be arrested in the State of Missouri,
whither he had fled, and returned to Fayette County, where
he then was, at the time of this motion, confined in jail, ready
to be produced to answer to said indictment, and hence pray
that said judgment of forfeiture be set aside and the sureties
discharged.

Thereupon the court sustained said motion, and set aside
said judgment of forfeiture, to which action of the court the
people, by the State's Attorney, excepted, and thereafter, at the
same term of court, the State's Attorney moved the court to
vacate the order setting aside the judgment of forfeiture,
which motion was overruled and exceptions taken. This
appeal calls in question the action of the court as above stated.
The order of the court was that "the judgment of forfeiture
of the recognizance of said Harry Smith and his sureties
*   *   *   be set aside, and the same is hereby set aside and
vacated *upon the payment of costs of forfeiture* by defendant
Harry Smith, or his sureties." The record filed in this case
does not show that the costs were paid by either of the defend-.
ants or any other person. In this record the order setting
aside the judgment of forfeiture was conditional upon the
payment of the costs of the forfeiture, which was not com-

plied with. The concluding proviso of Par. 369, page 837, Starr & C. Ill. Stats. is: "That no such forfeiture of a recognizance shall be set aside *until* the accused shall pay the costs of such recognizance" The order, as entered, was intended to be in compliance with this provision of law, and contemplated the payment of the costs contemporaneously with the entry of the order. A mere offer to pay the costs is not a literal compliance with this provision of the statute, and until actually paid, the appellees were not in a position to legally entitle them to have the order entered. Gallagher v. The People, 88 Ill. 335. But the order being entered conditionally on the payment of costs, as is the usual practice, neither by its terms nor the law, did it have any vitality imparted to it until that condition was complied with. By analogy, it would appear that the order was in effect like one setting aside a judgment in ejectment and granting a new trial under the statute on the payment of costs. The right in such a case to a new trial depends upon the payment of costs, and though an order is entered setting aside the judgment in ejectment and granting a new trial under the statute, yet, if the costs are not paid within the time provided by law, no vitality is imparted to the order, and the court may set it aside and strike the case from the docket. Setzke v. Setzke, 121 Ill. 30. And the record itself should disclose such payment if made. Ibid. The order is entered in such cases as a matter of course when the application is made under the statute, and all the court has to do thereafter, is to see that the precedent conditions of the payment of the costs is performed. Emmons v. Bishop, 14 Ill. 152. The payment of the costs not having been made, so far as disclosed by this record, the court erred in not sustaining the motion on the part of the people to vacate said order setting aside said judgment of forfeiture; the proceeding was statutory, and the statute heretofore referred to expressly provides that no judgment of forfeiture shall be set aside *until* the costs of the recognizance are paid. Doubtless the attention of the court below was not called to the fact that the costs had not been paid, as the point is not made in the

argument of appellant.   For the error stated, this case will be reversed.

*Judgment reversed.*

Judge PHILLIPS took no part in the consideration or decision of this case.