Michael C. McDonald

v.

Fairbanks, Morse & Co.

*Filed at Ottawa March 28, 1896.*

1. Evidence—*as to firm transactions, as showing authority of agent.* Where the authority of the agent of a partnership to purchase supplies for the firm is denied by one of the partners in a suit against the firm for the price, it is proper to permit the fullest inquiry as to the scope of the business actually transacted by the firm.

2. Same—*when authority of agent of partnership will be presumed.* Authority of an agent to bind his firm in relation to business openly and notoriously transacted by the firm will be presumed.

3. Partnership—*secret arrangements not binding upon those dealing with firm.* The rights of one selling goods to a firm cannot be affected by a secret arrangement as to the business to be done by the firm, made between the partners, or between a partner and an agent of the firm, of which the sellers of such goods have no notice.

4. Trial—*when question as to scope of firm business may be taken from jury.* While the question of the apparent scope of a partnership and of the business transacted by it is one of fact, it may properly be taken from the jury by a peremptory instruction, where the evidence leaves room for but one conclusion.

5. Same—*admitting further evidence during argument by counsel.* It is not an abuse of discretion for the court, upon a dispute between counsel during argument as to whether a certain book had been admitted in evidence, to permit its admission at that stage, where the objecting counsel is given opportunity to argue upon it.

6. Same—*how jury should be sworn when part of defendants default.* Where one of two defendants is defaulted, and the other pleads and stands trial, the proper practice is to swear the jury to try the issue joined, and also to assess the damages as against the defaulting defendant.

7. Appeals and Errors—*when failure properly to swear jury will not reverse.* Failure to swear the jury to assess the damages against a defaulting defendant will not reverse, where such defaulting defendant is not complaining, and the jury were properly sworn to try the issue raised by the defendant who prosecutes the appeal.

8. Same—*when failure to mark each instruction is not error.* Failure of the court to mark each of defendant's instructions "given" or "refused" is not reversible error, where the record shows they were in fact refused and a peremptory instruction given for plaintiff.

*McDonald v. Fairbanks, Morse & Co.* 58 Ill. App. 384, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. John Barton Payne, Judge, presiding.

Edward Maher, and Charles C. Gilbert, for appellant:

Where several are sued jointly in an action *ex contractu,* and all are served with process, the judgment must be against all, or none. *Frink* v. *Jones,* 4 Scam. 170; *McConnell* v. *Swailes,* 2 id. 571; *Wight* v. *Meredith,* 4 id. 360; *Wight* v. *Hoffman,* id. 362; *Davidson* v. *Bond,* 12 Ill. 84; *Dow* v. *Rattle,* id. 373; *Briggs* v. *Adams,* 31 id. 486; *Byers* v. *Bank,* 85 id. 423; *Gribbin* v. *Thompson,* 28 id. 61 ; *Faulk* v. *Kellums,* 54 id. 188; *People* v. *Organ,* 27 id. 27 ; *Page* v. *DeLeuw,* 58 id. 85; *Potter* v. *Gronbeck,* 117 id. 404; *Felsenthal* v. *Durand,* 86 id. 230.

In actions *ex contractu* against several defendants a final judgment cannot be rendered against one before issues tendered by a co-defendant are disposed of.   *Teal* v. *Russell,* 2 Scam. 319; *Wight* v. *Meredith,* 4 id. 360; *Wight* v. *Hoffman,* id. 362; *Barbour* v. *White,* 37 Ill. 164; *Kimball* v. *Tanner,* 63 id. 519.

All proceedings against the defendant in default should be stayed until the trial of the issue, when the same jury may be directed to assess the damages against him, and on finding the issues for the plaintiff a joint judgment may be entered.   *Wight cases,* 4 Scam. *ubi supra.*

The action of the court below was properly challenged by motion in arrest.   12 Am. & Eng. Ency. of Law, 147 *b.*

That the scope of a partnership is a question of fact for the jury was held in *Taylor* v. *Jones,* 42 N. H. 25, and *Hodges* v. *Bank,* 54 Md. 406.

Evidence as to scope and in rebuttal should be adduced.   Abbott's Trial Evidence, 214.

In cases where the scope of a partnership is presumptively limited, evidence in rebuttal must be given. 2 Lawson's Rights, Rem. and Pr. sec. 645.

The jury may consider conversations of the dissenting partner in case involving question of partnership scope. *Vice* v. *Fleming*, 1 Y. & J. 227; *Bank* v. *Kendall*, 7 R. I. 77.

The question as to whether or not a particular transaction lay within the scope of a partnership was squarely submitted to the jury as a question of fact, as shown by the records, in the following cases: *Gregg* v. *Fisher*, 3 Ill. App. 265; *Bradley* v. *Linn*, 19 id. 323; *Gray* v. *Ward*, 18 Ill. 32; *Ulery* v. *Ginrich*, 57 id. 533; *Durant* v. *Rogers*, 87 id. 511; *Blum* v. *Evans*, 24 id. 318; *Zuel* v. *Bowen*, 78 id. 237; *Marsh* v. *Bank*, 2 Ill. App. 219; *Wolf* v. *Mills*, 56 Ill. 361; *Einstman* v. *Black*, 14 Ill. App. 381.

If a particular transaction is without the real or apparent scope of a partnership, no liability arises against the dissenting partner who has not ratified the wrongful transaction. 1 Bates on Partnership, secs. 315, 317; Abbott's Trial Evidence, 214, and cases cited; 1 Randolph on Com. Paper, sec. 398; *Eastman* v. *Cooper*, 15 Pick. 274; *Gray* v. *Ward*, 18 Ill. 34; *Livingston* v. *Rosevelt*, 4 Johns. 251; *Latta* v. *Kilbourn*, 150 U. S. 524; *Gray* v. *Ward*, 18 Ill. 32; *Ulery* v. *Ginrich*, 57 id. 533; *Skelton* v. *Franklin*, 68 id. 338.

Ashcraft, Gordon & Cox, for appellee:

The offered evidence was properly refused. *Wiley* v. *Deering*, 34 Ill. App. 169; *Wiley* v. *Thompson*, 23 id. 199; *Wiley* v. *Stewart*, id. 236.

There was no reversible error in granting or refusing instructions. *Clapp* v. *Martin*, 33 Ill. App. 438; *Calef* v. *Thomas*, 81 Ill. 478.

Mr. Justice Cartwright delivered the opinion of the court:

Appellee, a corporation, brought this suit in assumpsit against appellant and M. J. Tierney, partners, composing the firm of M. J. Tierney & Co., to recover for goods sold to that firm. Tierney was defaulted but appellant pleaded to the action, and there was a trial,

resulting in a verdict for appellee for the amount claimed. A new trial was granted on motion of appellant, and on such trial the jury disagreed. At the third trial the court instructed the jury to return a verdict for the appellee, which was accordingly done. Motions for a new trial and in arrest of judgment were denied and judgment was entered upon the verdict. That judgment has been affirmed by the Appellate Court.

The complaints made are, that the trial court excluded evidence offered by appellant, refused instructions asked by him, admitted evidence for plaintiff during the argument of the case, and instructed the jury to find for the plaintiff.

The following facts were proved at the trial and were not questioned: M. J. Tierney and appellant entered into articles of partnership July 1, 1889, in which it was provided that they should engage in the business "of manufacturing, buying and selling of all goods relating to machinist's supplies and everything to said business belonging," and that E. S. McDonald should represent the appellant, and should act at all times as his agent in the management of the business. The firm commenced operations under this agreement in the city of Chicago, and continued business until the filing by appellant of a bill to dissolve the partnership, on June 7, 1892, at which time a receiver was appointed. A concern known as the "Globe Steam-Heating Company" was organized about the first of August, 1890, composed of M. J. Tierney, E. S. McDonald (the agent of appellant in the firm business) and one B. B. Maginn, an employee, to whom was guaranteed a salary of $2000 a year. This Globe heating company was run in connection with appellant's firm, and a large number of contracts for steam-heating plants in public school buildings and other places were taken in the name of that firm. It was a rule of the city of Chicago, in work done for the public on school and other buildings, that a bondsman should not be a member of

the firm taking the contract. It seems that appellant was accustomed to go on the bonds, and that two of these contracts, by mistake, were taken in the name of M. J. Tierney & Co., and he was on the bonds. The work in those instances was done by the Globe Steam-Heating Company, the same as the other contracts. This company existed until December, 1891, and during its existence all the supplies used by it were bought by M. J. Tierney & Co. and charged to the steam-heating company at a profit of five per cent, and all the proceeds of the contracts and work done by the steam-heating company were paid to M. J. Tierney & Co. and credited on that account. M. J. Tierney & Co. used a letter-head on which there was a picture of a steam or hot-water furnace, and the firm was announced as dealing in steam and water heating, and ventilating apparatus for public and private buildings, wrought-iron pipe, valves, fittings, etc., radiators, boilers and pumps. In December, 1891, Maginn withdrew from the business, and M. J. Tierney & Co. assumed all the contracts and all of the liabilities as a steam-heating company. After that time M. J. Tierney & Co. carried on the business in its own name, until appellant filed the bill mentioned to dissolve the partnership. From July, 1891, up to the filing of that bill, the firm purchased from appellee pipe and other steam-fitter's supplies, and made payments on the same. The goods were all bought upon written orders signed by M. J. Tierney or the book-keeper of the firm, and one of them was written by M. J. Tierney on one of the letter-heads above described. The goods were all invoiced by appellee to M. J. Tierney & Co., and almost all entered on the books of that firm, where appellee was charged with cash paid and credited with the merchandise.

Appellant, in his amended bill, signed and sworn to, alleged that on the 20th day of December, 1891, the Globe Steam-Heating Company sold, assigned and transferred to M. J. Tierney & Co. all the assets of said steam-heating

company, including tools and materials on hand and in course of manufacture and contracts of said company not completed, in part payment of indebtedness due and owing by said steam-heating company to .M. J. Tierney & Co., who had from thenceforth carried on and conducted the business, and that the said co-partnership of M. J. Tierney & Co. then had on hand and in process of completion several contracts for furnishing the steam-heating apparatus for school houses, and also for private residences, in the city of Chicago. Appellee had been furnishing goods from July, 1891, which had been charged over to the steam-heating company, as before stated, but payments were made sufficient to balance the account by M. J. Tierney & Co., and the amount sued for accrued after said date, when M. J. Tierney & Co. took control of the business in its own name.

The evidence excluded, of which complaint is made, consisted of testimony that the appellant did not know of the purchase of the goods or the entries on the books of the firm; that he had no knowledge that his firm had departed from the business named in the articles, and that his agent, Edward S. McDonald, had entered into a secret agreement to get a secret profit by engaging in the steam-heating business. It was not denied that the goods were sold and furnished as before stated, and it was admitted that appellee had no knowledge or notice of the agreements or arrangements between appellant and his partner and agent. The court permitted the fullest inquiry as to the scope of the business actually transacted by the firm of M. J. Tierney & Co., and it is needless to say that appellee's rights could not be affected by any secret agreement. In the absence of such notice it had a right to presume the existence of authority to bind appellant in relation to the business actually and notoriously transacted by the firm. In an inquiry between it and the firm it was wholly immaterial what such agreement or arrangements may have been. To have per-

mitted the proposed defense would have been to sanction a palpable fraud. There could be no question that the purchase of the goods from appellee was within the apparent scope of the business transacted by the firm and was binding on appellant. (*Pahlman* v. *Taylor,* 75 Ill. 629.) What was the apparent scope of the partnership and of the business transacted was a question of fact. But the evidence was of such a character that there could be only one conclusion. The firm publicly advertised, by its letter-heads, that it was engaged in the business of steam-heating, and was a frequent purchaser of supplies for that business. The instruction to find for the appellee for the amount proved was unquestionably right.

It is objected that the court improperly ordered a witness, during his examination, to stand aside. The court had ruled that the questions being asked were not proper, as not cross-examination, and directed the witness to stand aside, stating to counsel that he had a right to re-call the witness and examine him on those subjects. The court was right. The witness was re-called and examined on behalf of the appellant, and no right was affected or lost.

The ledger of the firm had been produced and used on the trial, but when it was referred to by counsel in argument the reference was objected to, and the question arose whether it had been admitted in evidence. There seemed to be a misunderstanding on that question, and the book was then admitted, the court informing counsel for appellant that he could re-argue the case if he desired. The admission of the ledger at that time is objected to. The matter shown by the ledger was not in controversy, and the admission of the book at the time it was admitted was in the discretion of the court. There was no abuse of that discretion.

Appellant presented to the court twenty-eight instructions, and asked to have them given to the jury. The instruction to find for the plaintiff was decisive of

the case, and we have approved of that instruction.    It follows that no useful purpose could have been subserved by giving instructions on the law of partnership, such as those presented, merely to inform the jury as to different phases of that law which could not affect their conclusion.    They were properly refused.

It is objected, however, that the court did not mark the instructions "given" or "refused."    They were fastened together, and the court marked the first one "refused."    There is no reversible error in the mere failure to mark each instruction.    Inasmuch as the record shows that the instructions were actually refused, appellant has the full benefit of any question arising from the refusal. *Cook* v. *Hunt*, 24 Ill. 536; *Tobin* v. *People*, 101 id. 121.

It is urged that the court erred in permitting the jury to be sworn to try the issues only, without at the same time swearing them to assess the damages as against M. J. Tierney, who was in default.    The latter practice would have been the proper one, but no objection was made and the attention of the court was not called to the matter in any way.    The case was tried and the verdict returned precisely as though the jury had been so sworn.    The jury were properly sworn to try the issues joined, so far as appellant is concerned, and Tierney has made no complaint that the damages were assessed against him and judgment entered without a proper oath as to him.    He was the only one affected, and we do not see how appellant could complain or how he has been injured or prejudiced by the fact that the oath did not include the assessment of damages against Tierney.

No reason was assigned in support of the motion in arrest of judgment, but it is said to have been based on the insufficiency of the verdict.    There was no irregularity in that respect, and the motion in arrest was properly overruled.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*