THE CRANE COMPANY

*v.*

MICHAEL J. TIERNEY *et al.*

*Opinion filed October 24, 1898.*

1. EVIDENCE—*a copy of a copy of an unproved document is not admissible.* A copy of an alleged agreement dissolving a partnership, made from a copy contained in the record of another case, is not admissible as secondary evidence, in the absence of proof that the original document was ever in existence, or, if in existence, that any reasonable effort was made to produce it.

2. INSTRUCTIONS—*instructions repeating the substance of others may be refused.* Instructions may be refused which contain substantial repetitions of the principles announced in other given instructions.

3. SAME—*abstract instructions may be refused.* An instruction announcing an abstract rule of law may be refused, as it is the duty of counsel to draw it in such form as to apply it to the conditions of fact which the evidence tends to prove.

4. PARTNERSHIP—*third parties not charged with secret limitations on partner's authority.* Third parties dealing with a partner professing to act for the firm in the business actually carried on by it, are not bound by limitations contained in the partnership articles of which they have no notice.

5. SAME—*firm is bound by acts of partner within apparent scope of his authority.* One who sells goods to a partner, ostensibly for the firm and of a character within the scope of the partnership business, without notice that the purchase is made by such partner upon his own account for a third person, may hold the firm liable, as there is nothing in such a transaction to put him upon inquiry.

*Crane Co.* v. *Tierney,* 75 Ill. App. 354, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

JAMES H. BARNARD, and ASHCRAFT & GORDON, for appellant.

EDWARD MAHER, (A. B. JENKS, of counsel,) for defendant M. C. McDonald.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant, the Crane Company, brought this suit in assumpsit for goods sold to the appellees, Michael J. Tierney and Michael C. McDonald, as partners, composing the firm of M. J. Tierney & Co. Tierney was defaulted, and the case was tried upon the issue whether McDonald was jointly liable as a partner with Tierney for the goods sold. Appellant sought a judgment against both, but there was a verdict for McDonald, and failing to recover against him there was judgment for both appellees, which has been affirmed by the Appellate Court.

The case is argued here on behalf of Michael C. McDonald only. He was a partner with Michael J. Tierney, under the name of M. J. Tierney & Co., in the machine supply business, and his counsel says that his claim at the trial was that the goods in question were in fact bought for and used by the Globe Steam Heating Company, another firm engaged in the steam heating business in which he was not a partner, and not for M. J. Tierney & Co., in which he was a partner, and that plaintiff had notice of these facts.

On the trial the defendant McDonald offered to read in evidence from the abstract of the record in the case of *McDonald* v. *Fairbanks, Morse & Co.* 161 Ill. 124, what purported to be a copy of an agreement of Bernard B. McGinn, Michael J. Tierney and Edward S. McDonald

dissolving their partnership under the name of the Globe Steam Heating Company. Plaintiff objected, but the objection was overruled and that part of the abstract of the record was read in evidence. The evidence as to the abstract was substantially as follows: It was made by McDonald's attorney, with the aid of a stenographer, from the record in the other suit referred to. That record contained a copy of a paper read in evidence in that suit, and this part of the abstract was a copy from that record. The paper which was so read in the other case and copied in the record was produced in court in this case, and it was shown that it was not an original document but a copy of a paper presented to an attorney in the other case by Bernard B. McGinn at his office. The attorney to whom the paper was presented by McGinn made the copy which was read in the other case and it went into the record, but he had no knowledge whether the paper he copied was an original paper and there was no evidence that it had ever been executed by the parties. There was no evidence that there ever was an original executed or what had become of it, and there had been no reasonable effort to procure the original, if there ever was any. The abstract admitted was a copy of a record which was a copy of a copy of an alleged document not proved. Following the evidence showing these facts in the bill of exceptions is this statement: "The foregoing was all the evidence introduced by either party as to the admissibility of the paper referred to," and this is followed by the ruling of the court admitting the evidence. Following the evidence objected to, the bill of exceptions contains the following: "Which evidence, with other evidence introduced, and because of the introduction of other evidence, tended to prove the issues in the case, and which evidence was made material and admissible by and because of other evidence introduced in the case."

The bill of exceptions is the pleading of the party preparing it, and is to be construed most strongly against

him.   But this bill shows that the evidence recited in it was the only evidence introduced as to the admissibility of this secondary evidence.   If the further statement was intended to apply to its admissibility as secondary evidence, it amounts merely to saying that evidence which had no reference to its admissibility rendered it admissible.   The entire evidence before the court when the paper was admitted and read to the jury is contained in the bill of exceptions, and is certified to be all the evidence on that subject.   The further statement appears to have been with reference to the admissibility of the evidence as tending to prove the issue, and not as to its character as secondary evidence.   Every rule of law governing the introduction of secondary evidence was disregarded, and it was error to admit the abstract.

Objection is made to the refusal of the court to give certain instructions asked by plaintiff and to the modification of the twelfth instruction which was given, but we think there was no error in such action.   The principle stated in the second instruction was contained in the first, which was given in simpler and better form. The fourth assumed that the goods sold, or some part of them, were within the apparent scope of the business transacted by the defendants as partners, and it was properly refused.   The sixth merely stated a rule of law in an abstract form not applied to the facts of the case, and it is not error to refuse such an instruction.   The object of instructions is to inform the jury what rules of law they must apply to certain conditions of fact in reaching a conclusion as to their verdict, and if counsel fails to draw them in such form as to apply them to conditions of fact which the evidence tends to prove, it is not error for the court to refuse to give them.   What was good in the other instructions refused was included, in substance, in those which were given, and we think there was no error in the modification of the twelfth.

Complaint is also made of the giving of certain instructions on the part of the defendant McDonald. The third was as follows:

"You are instructed that while in the partnership relation there is an implied authority given to each member of the firm, and an implied assent from each member that each may act for all the members of the partnership as the agent of the partnership, yet this authority and assent applies only to the partnership business which is authorized by the articles of co-partnership or that within the apparent scope of the business actually warranted by the partnership, and any act beyond this scope will not be binding upon the member of the firm who did not authorize such act or did not ratify it."

An important question in the case was whether the business transacted by the firm of M. J. Tierney & Co., in which McDonald was a partner, embraced the class of goods sold by plaintiff and bought by Tierney in the name of the firm, and this instruction limited the power of Tierney to bind McDonald to the business authorized by the articles of co-partnership or within the apparent scope of the business "actually warranted" thereby. It stated that any act beyond such scope would not be binding upon McDonald if he did not authorize the act or ratify it. It confined the power of a partner to the articles themselves or to the apparent scope of the business provided for therein, while as to third persons the power of a partner is not so limited but extends to the apparent scope of the business actually transacted by the firm. If a partner professes to act for the firm in the business actually carried on by it, third parties with whom he deals are not bound by limitations contained in the articles between the partners of which they have no notice. The instruction was wrong.

The sixth instruction given at the request of McDonald was as follows:

"The jury are instructed that one partner is in no case bound by the acts of his co-partner done without his assent, and although this assent may be implied from their partnership relation in regard to all acts within the scope of their partnership transactions, it cannot be in reference to one co-partner pledging co-partnership credit for purchase made on his own individual account or for another firm in which he was interested. In such case there must be extraneous evidence to prove such assent, and in the absence of such evidence it will be wholly immaterial whether the one dealing with the individual partner knew it was a misappropriation of the partnership funds or credit, for the very nature of the transaction ought to put him on inquiry, and however *bona fide* his conduct may be, it is a case of negligence on his part, and the burden of proof is on him to repel every presumption of fraud, collusion or negligence as against him."

This instruction, like the third, is abstract in form, and although it is not error to give an instruction in that form if the rule of law stated is correct, it is not an approved method of instructing a jury. This instruction is also argumentative, and wrong in principle. Under it, if the purchase from plaintiff was in fact for the Globe Steam Heating Company, as claimed, McDonald could not be held in the absence of extraneous evidence of his assent, although the purchase was ostensibly for the firm of M. J. Tierney & Co. and within the scope of the business actually transacted by that firm, but such a purchase must be treated as an exception to the rule that assent may be implied from the partnership relation and the business carried on by the firm. In such a case there would be nothing in the nature of the transaction to put the plaintiff upon inquiry, and the firm would be held.

For the errors pointed out the judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*