### Louis Greenberg et al. v. The People, for use of James E. Mason.

#### Gen. No. 12,767.

1. MOTION FOR NEW TRIAL—*when order granting, cannot be set aside.* An order granting a motion for a new trial cannot be set aside after the lapse of the term at which the order is entered.

2. ORDERS—*when court loses jurisdiction of, notwithstanding cases not disposed of.* Jurisdiction to set aside an order which disposes finally of a particular issue in a cause is lost after the term of entry has elapsed.

Action of debt. Appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding, Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded. Opinion filed November 23, 1906.

EDWARD H. MORRIS, for appellants.

ELMER & COHEN, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action of debt on the official bond of a

constable, Louis Greenberg, and his sureties. The cause was tried before a jury which, at the June term of court, 1905, returned a verdict against appellants, fixing the damages at $1,350. A motion for a new trial was made, reduced to writing and duly filed. The motion was heard at the same June term, was granted, and an order entered of record setting aside the verdict and allowing a new trial. At the next July term, however, the court of its own motion, it is said, vacated the order of the previous term granting a new trial, overruled the motion for a new trial made at the June term, and entered judgment upon the original verdict against appellants.

It is urged that the Superior Court erred in thus vacating and setting aside at the July term an order granting a new trial formally entered at the preceding June term. The contention is that the order setting aside the verdict and granting a new trial was a final order, which at the following July term the Superior Court had no jurisdiction to vacate, and thereupon to deny a new trial and enter judgment on the verdict, which it had once set aside. In this we are compelled to concur. In County of Cook v. Canal & Dock Co., 131 Ill. 505-512, it is said: "When the court rendered a judgment granting a new trial, such judgment was a final determination of the issues involved in the application;" and further (p. 510): "The fact that the judgment involved was entered in an action of ejectment and was one granting a new trial does not affect the question. The court, as appears from the judgment itself, heard the evidence and from the evidence produced adjudged and determined that a new trial should be granted. The judgment rendered upon the evidence submitted to the court was not conditional or interlocutory, or a mere ruling or decision such as a court may make on a question of pleading or evidence during the progress of a trial, but it was a final determination of a right conferred by the statute, which right had to be deter-

mined upon evidence introduced before the court, and
no reason is perceived why a judgment of this charac-
ter should not be as binding and conclusive and be
treated in the same manner as a final judgment ren-
dered in an action of *assumpsit* or in an action for
tort upon evidence submitted to the court.'' The
court in that case distinguishes the case of Setzke v.
Setzke, 121 Ill. 30, cited by appellee's attorneys here,
and holds that case not in conflict with Becker v.
Sauter, 89 Ill. 597, in which it is said the same ques-
tion arose, and in which it was held that a judgment
granting a new trial in an action of ejectment could
not be set aside or vacated on a motion at a subse-
quent term. The present case, it is true, is not an
action of ejectment, but the principle is equally ap-
plicable. The case referred to (County of Cook v.
Canal & Dock Co.) was an action in ejectment, and
the new trial was granted under the statute (chap.
45, sec. 38) which provides that ''at any time after
a judgment either upon default or verdict in an ac-
tion of ejectment, the party against whom it is ren-
dered, his heirs or assigns, upon the payment of all
costs recovered therein, shall be entitled to have the
judgment vacated and a new trial granted in the
case.'' Evidence was presented in that case tending
to show that within the year after judgment, the de-
fendant had ''paid all the costs that have accrued
in said cause to date,'' when the new trial was
granted. In the case at bar, so far as appears, no
new evidence was presented on the motion for a new
trial when the same was granted at the June term of
the Superior Court, but the trial court had heard the
evidence produced at the trial, and either because of
some error in its admission or rejection, insufficiency
or because of other error deemed fatal to the ver-
dict, ''adjudged and determined that a new trial
should be granted,'' as in the ejectment case. The
one adjudication in the same way as the other ''was
a final determination of a right conferred'' by law,

It was a final and conclusive judgment as to the verdict which was set aside, and as such, after the term had expired, a court had "no discretion or authority at a subsequent term" to vacate it. Cook v. Wood, 24 Ill. 295; County of Cook v. Canal & Dock Co., *supra,* pp. 509, 510. During the June term the court would have had authority to vacate a prior order entered at that term, but this power ended with that term. Godfredson v. The People, 88 Ill. 286.

Appellee attempts to draw a distinction between the case at bar and an action of ejectment, in that in the latter case it is a judgment instead of a verdict which is vacated when a new trial is granted under the statute; but we are unable to perceive any reason why a rule applicable in the former does not apply also in the latter case.

In Schmidt v. Cohen, 12 Daly (N. Y.), 134-136, cited by appellee, it is said: "It is true that he (the trial judge) could not after the end of the term give leave to renew a motion for a new trial on the minutes, but it was in his power to entertain a motion for a new trial on new and different papers from those that formed the basis of the motion that he had denied."

The fact that in an action of ejectment the order granting a new trial under the statute is not a final judgment from which an appeal can be taken or writ of error prosecuted, does not affect the question before us. It is the statute which in those cases permits the second trial. (See Williams v. LaValle, 64 Ill. 110.) Rhea v. Gibson, 10 Grattan (Virg.), 215, also cited by appellee's attorneys, holds that the trial court had authority to continue a motion for a new trial to another term and then decide it, and is not in point.

For the error indicated the judgment of the Superior Court must be reversed and the cause remanded.

*Reversed and remanded.*