DETERMINED IN THE

## SECOND DISTRICT·

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1909.

---

Mary C. Merrifield, Defendant in Error, v. Western Cottage Piano & Organ Company et al. (T. W. Burrows, Plaintiff in Error).

## Gen. No. 4,968.

1. EXECUTIONS—*against whom writs should run.* An execution should follow the judgment and must on its face appear to be against all the defendants against whom the judgment is entered, notwithstanding from the death or some other cause no levy can be made on the property of some.

2. JURISDICTION—*power of court to set aside order after term of entry.* It is not competent to hear evidence or affidavits made subsequent to a ruling in order to modify a ruling made at a previous term, except in the matter of setting aside a default, and that is in the discretion of the court.

3. JURISDICTION—*power of court to set aside order after term of entry.* The court may change a ruling upon a pleading at any time before the final judgment, but not upon any order the determination of which depends upon a hearing of independent facts.

4. JUDGMENT—*when form of, allowing leave to plead, proper.* An order as to one defendant to a judgment entered by default which gives him leave to plead but which does not set aside the judgment, is proper.

Assumpsit. Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed June 10, 1909.

(1)

**Statement by the Court.** On January 18, 1907, the Western Cottage Piano and Organ Company (hereinafter described as the company), executed three notes for $5000 each, payable four months after date to the order of W. T. Rickards & Co. Each of the notes was endorsed by L. W. Merrifield and T. W. Burrows. On January 24, 1907, a similar note for $5000 was made by the company with the same endorsers. The four notes were endorsed without recourse to Mary C. Merrifield by W. T. Rickards & Co. Mary C. Merrifield brought suit in *assumpsit* to the June term 1907 of the Circuit Court of LaSalle county on these three notes so endorsed to her, against the maker and also against the endorsers whom she declared against as guarantors. Summons was duly served ten days prior to said term on all the defendants. On the 21st of June, the defendants were defaulted and judgment was rendered against all of them for $20,084.49. On the 29th of June, the defendant, Burrows, made a motion to set aside the default and open up the judgment and for leave to plead. The court on hearing the motion made an order "that execution herein be and the same is hereby restrained, grants leave to said defendant to plead and orders that the judgment entered herein stand as security for the debt." No bill of exceptions was taken to the entering of this order. The defendant Burrows filed a plea of the general issue with notice of special matters intended to be relied on, and filed with his plea and notice an affidavit that he had a good defense upon the merits and that his defense is particularly set forth in the notice of special matters relied on. On the 22nd of October, at the October term, counsel for Burrows gave notice that on the next day they would ask for leave to file an additional plea for Burrows, and would also ask leave to file a plea for the defendant company, but the record does not show any such motion was ever made on behalf of defendant company. On October 23rd the defendant, Burrows, moved for leave to withdraw the notice under

the general issue and for leave to file special pleas. This motion was granted. Thereupon the defendant, Burrows, filed three special pleas, and the plaintiff filed a replication concluding with a verification. The record does not show that the pleading was closed. On February 8, 1908, an execution was issued on this judgment against the company and L. W. Merrifield to the sheriff of LaSalle county. On February 11, at the January term, the attorneys for T. W. Burrows, professing to act in the name of the company, made a motion to recall and quash the execution, and the plaintiff made a cross motion to set aside the order "entered herein on June 29, 1907, setting aside the default as to the defendant, T. W. Burrows, opening up the judgment and granting leave to the defendant to plead." On February 18th the court sustained the motion made by plaintiff "to vacate order setting aside default as to T. W. Burrows" and "overruled the motion to recall the execution made by the company." The defendant, Burrows, excepted to this ruling.

Eddy, Haley & Wetten and Butters, Armstrong & Ferguson, for plaintiffs in error; P. C. Haley, of counsel.

McDougall & Chapman, for defendant in error.

Mr. Presiding Justice Thompson delivered the opinion of the court.

The plaintiff in error, T. W. Burrows, prayed an appeal from the judgment of the Circuit Court and filed an appeal bond in apt time, but, for some reason, has abandoned his appeal and has sued out a writ of error to reverse the order of the court of February 18th, and assigns error and contends that the court erred in refusing to quash the execution and in sustaining the cross motion of defendant in error, "to vacate order setting aside default as to T. W. Bur-

rows." The company also assigns error on the refusal of the court to quash the execution.

The judgment entered on June 21, 1907, is against the company, L. W. Merrifield and T. W. Burrows; the execution issued February 8, 1908, is against the company and L. W. Merrifield and not against Burrows, and was issued while the order was in force restraining execution in the cause.

An execution should follow the judgment and must on its face appear to be against all the defendants against whom the judgment is entered, notwithstanding from the death or some other cause no levy can be made on the property of some. Freeman on Executions, Sec. 42; 8 Ency. of Pl. & Pr. 418; Douglas v. Whiting, 28 Ill. 362; Hobson v. McCambridge, 130 Ill. 367; Kinkade v. Gibson, 209 Ill. 246.

The execution having been issued against only part of the defendants and failing to conform to the judgment, was irregular and should have been quashed, and the court erred in overruling the motion to quash it.

It is insisted by plaintiff in error that when the court had at the June term, 1907, made an order permitting the defendant Burrows to plead, that the court could not at a subsequent term vacate that order. If the order of June 29th had refused the defendant the right to plead, it would have been appealable, for the reason that it would have been a final disposition of the case. Under the order permitting the defendant to plead, the case remained pending in court. So long as a cause is pending and the parties are before the court, "the court has the power, and it is its duty, at any time before trial, when it becomes satisfied that an erroneous ruling has been made with respect to the sufficiency of a pleading or other similar matter, to promptly set aside the order and correct the error," and it makes no difference that the ruling was made by a different judge. Fort Dearborn Lodge v. Klein, 115 Ill. 177; Culver v. Cougle, 165 Ill. 417; Coughran

v. Gutcheus, 18 Ill. 390; Cairo & St. L. R. R. Co. v. Holbrook, 72 Ill. 419.

While the rule is recited thus broadly in the adjudicated cases, upon an examination it will be found that where orders have been vacated or rescinded after the term at which they were entered, they are orders pertaining to a common law record proper. It is not competent to hear evidence or affidavits made subsequent to a ruling in order to modify a ruling made at a previous term, except in the matter of setting aside a default, and that is in the discretion of the court. Sec. 58, Practice Act; Garner v. Creshaw, 1 Scam. 143; Powell v. Clement, 78 Ill. 20; Cox v. Brackett, 41 Ill. 222.

If at a subsequent term parties may present new matters to the court to induce it to change its ruling made at a previous term, and a court may hear evidence or affidavits and reverse its judgments or orders made upon any issue, there would never be a final termination of a suit. If a judgment is entered upon a statement of facts not authorizing such action the party aggrieved has the right to preserve in a bill of exceptions the evidence upon which the court acted, and after the final disposition of the case, a court of appeals may reverse the ruling on an appeal or writ of error, but the trial court has no authority to sit in review upon its own decisions. Lill v. Stookey, 72 Ill. 495; Becker v. Sauter, 89 Ill. 596; Adams v. Gill, 158 Ill. 190. A court may not at a subsequent term set aside an order granting a new trial, although the case is still pending. Greenburg v. People, 129 Ill. App. 566. "Within a year from the entry of a final judgment in ejectment, the court in which such judgment was rendered will on application of the unsuccessful party have jurisdiction of the parties and of the subject-matter, and its finding the payment of all costs, even though erroneous, and its judgment for a new trial will until reversed be conclusive on the parties. During the term the new trial was awarded

the court may set the order aside but not after the term has expired." County of Cook v. Calumet & C. C. & Dock Co., 131 Ill. 505.

The court may change a ruling upon a pleading at any time before the final judgment, but not upon any order the determination of which depends upon a hearing of independent facts. In this case the trial court heard affidavits filed at a later term concerning a ruling made at a previous term upon some showing of which no record was preserved. This we are satisfied was not proper, and no authority is cited in support of the action of the court. It is not proper for the court to hear affidavits made subsequent to the ruling made at a previous term to induce the court to reverse itself.

It is insisted on behalf of defendant in error, that even if the order of the Circuit Court of February 18th was erroneous, and was made when that court was without authority to set aside the order of the former term, yet the case being in this court by writ of error, that this court will review the whole record, and defendant in error argues that the order made by the Circuit Court on June 29, 1907, was erroneous and therefore this court should vacate that order and affirm the judgment of the Circuit Court rendered on the 21st day of June. The contention of the defendant in error is that the order of June 29th is erroneous because the judgment and default were not set aside as to all the defendants. It is claimed that it is error to set aside the judgment as to one defendant and grant leave to that one to plead unless the judgment is set aside as to all the defendants. Gould v. Sternberg Admx., 69 Ill. 531; Kingsland v. Koeppe, 137 Ill. 334.

The rule clearly is that if a judgment is set aside as to one of the defendants it must be set aside as to all, for the reason that a judgment must be rendered against all the defendants at the same time and hence may not be set aside as to one defendant only, but a default may be set aside as to part of the defendants

only. Frequently issues are joined as to part of the defendants and others are defaulted and then the jury are sworn to try the issues joined and assess the damages on the default. McDonald v. Fairbanks, Morse & Co., 161 Ill. 124.

The order of June 29th, however, does not set aside either the judgment or the default but "orders that execution herein be and the same is hereby restrained, and grants leave to said defendant to plead and orders that the judgment herein stand as security for the debt."

It is manifest that, if the judgment stand as security for the debt, the judgment and default are not set aside. The reasonable construction of the order is that the defendant in error be permitted to plead and an issue be made upon the pleadings and that the issue be tried, and if upon a trial the issues be found in favor of plaintiff in error then the trial court would thereafter set aside the judgment and default as to all the defendants and would render judgment in accordance with the finding on the issues, and if the issues should be found against the plaintiff in error the court would overrule the original motion to set aside the judgment and default.

There is neither any cross error assigned upon the order of June 29th, nor was there any certificate of evidence preserved, so that this court has nothing before it upon which it can say that the order of June 29th was erroneously entered.

Because of the error in the order of February 18th, the judgment vacating the order of June 29th and refusing to quash the execution issued February 8, 1908, is reversed and the cause remanded with directions to the Circuit Court to quash the said execution and overrule the cross motion made by defendant in error.

*Reversed and remanded.*