**Cora E. Hunter, Appellee, v. Dr. W. P. Winter et al., Appellants.**

**Gen. No. 36,154.**

O'CONNOR, J., dissenting.

Heard in the first division of this court for the first district at the October term, 1932. Opinion filed December 29, 1932. Rehearing denied January 13, 1933.

ARND, GAVIN, GRIFFIN & HANLEY, for appellants D. B. Quinlan and Charles Russ; FREDERICK ARND and RICHARD I. GAVIN, of counsel.

WILLIAM GILLESPIE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, bringing suit to recover rental of premises alleged to have been used by defendants, had a verdict and judgment for $1,300. Only two of the six defendants, Daniel Quinlan and Charles Russ, were served with summons, and they appeal.

Defendants were associated in business under the name of Dr. Winter Chemical Company, purporting to be a common law trust, under a written agreement made by them in 1918. The question presented for determination is whether the plaintiff must look for her rent solely to the funds of this trust, or may she proceed against the individual trustees on the ground that they are jointly and severally liable for the obligations incurred by the trust.

In 1924, one of the defendants, Dr. W. P. Winter, a trustee, rented two rooms from the plaintiff for the Dr. Winter Chemical Company to be used by it as a laboratory, stating to plaintiff that there were five trustees of the company, naming the defendants Quinlan and Russ as two of them. Rental of $10 a week was agreed upon and a sign, "Dr. Winter Chemical Company," was placed over the door, and chemicals were manufactured there which were the property of the trust. The rent was paid to and including December, 1924, from which date no rent was paid although the company continued to use the premises as a laboratory until June 15, 1930. This suit is for the rent during this period.

The copy of the declaration of trust of the Dr. Winter Chemical Company introduced in evidence shows that the company was organized for the purpose of manufacturing and selling products manufactured by formulas transferred to it by Dr. Winter. It is in the form commonly known as a "Massachusetts Trust," in which the trustees limited liability for debts of the trust to the funds and property of the trust and excluded any personal liability of the trustees. This document was filed in the recorder's office of Cook

county in July, 1920. The trust does not purport to be organized under the laws of any State, and in the copy filed the signatures of the trustees are typed, not written. Neither Quinlan nor Russ ever saw this declaration of trust and expressed doubt as to the existence of such an instrument. Plaintiff had no knowledge as to the existence of this instrument, nor any notice that defendants were claiming to conduct the business as a common law trust.

Quinlan and Russ testified that they used the products of the Dr. Winter Chemical Company in their business. Quinlan stated that he had been associated with this business since 1918. Russ testified that he became a trustee in 1924. Plaintiff testified that these defendants called at the laboratory quite often. In 1927 plaintiff called Quinlan on the telephone and inquired as to the rent due for the laboratory, and was referred by him to Russ, the treasurer of the company. She then called Russ on the telephone who, according to plaintiff, said that they were expecting to sell some stock and that she would receive her money when that was accomplished; that she "need not be afraid, but I would get my money." Defendants admit the telephone conversations but do not agree with plaintiff as to what was said. On demanding the rent from Dr. Winter she was told that the trustees "would pay every dollar, with interest," "that they were good men and were responsible for it."

In April, 1929, all of the defendants, including Quinlan and Russ, signed a contract as trustees of the Dr. Winter Chemical Company with C. J. Collander, in which he was given the right to sell the products of the chemical company and also shares of the treasury stock.

Defendants seek to take refuge behind the provisions of the declaration of trust limiting liability, and assert that plaintiff's claim is either against Dr. Win-

ter personally or against the funds of the trust. We are of the opinion that the rule in this State with reference to such trusts is that while the courts will, so far as possible, give effect to the provisions of the declaration of trust among the members themselves, when they themselves are the only ones interested, and as to third parties who have full knowledge of the character of the trust with which they are dealing, yet where third parties deal with the trust without knowledge of the provisions of the trust agreement, especially those affecting liability, such association must be considered as a partnership. *Wahl v. Schmidt,* 307 Ill. 331; *Hossack v. Ottawa Development Ass'n,* 244 Ill. 274; *Guthmann v. Adco Dry Storage Battery Co.,* 232 Ill. App. 327; *Kramer & Co. v. Cummings,* 225 Ill. App. 26; *Crane Co. v. Tierney,* 175 Ill. 79; *Wadsworth v. Duncan,* 164 Ill. 360; *Johnson v. Leman,* 131 Ill. 609; *Hodgson v. Baldwin,* 65 Ill. 532; Wrightington on Trusts (2d ed.) 171.

The statutes of this State provide for the creation of organizations in which the persons interested may limit their liability, such as corporations or limited partnerships. The universal rule is that when persons associate together for the purpose of carrying on a business enterprise, such persons are jointly and severally responsible for the debts incurred in the conduct of such business unless such business is organized under the statutes indicated. The courts could not approve of an organization of persons, more or less secret in its nature, which deals with the public and yet seeks to escape individual liability of the members by hiding behind this secret agreement. As far as the public is concerned, such an organization is a mere fiction.

The mere filing of a copy of the declaration of trust or agreement did not constitute constructive notice to the public, as it was not such a document as the

law requires to be filed. *Mack v. McIntosh,* 181 Ill. 633; *St. John v. Conger,* 40 Ill. 535.

*McClaren v. Dawes Electric Sign & Mfg. Co.,* 86 Ind. App. 196, involved facts very similar to those under consideration. Referring to the claim that the declaration of trust was under the Massachusetts statute, it was said that even in Massachusetts such associations may be trust organizations or they may be partnerships, depending entirely upon the instruments under which they were created; that there was no law in Indiana authorizing the organization of such an association through which the trustees or shareholders could escape their liability as partners. In *Schumann-Heink v. Folsom,* 328 Ill. 321, cited by defendants, the plaintiff expressly contracted to release the trustees, as she had full knowledge of the character of the trust. In the instant case plaintiff had no knowledge of the character of the trust and had not contracted to release the trustees from personal liability. In *Uihlein v. Budd,* 252 Ill. App. 487, this court passed upon the sufficiency of an amended declaration to which a demurrer had been sustained, and held that on the facts alleged the president of the trust did not have authority to sign the promissory notes involved.

Defendants complain of instruction No. 1 given at the request of plaintiff, which was to the effect that if the jury believe that defendants carried on and conducted the business "under the style and name of Dr. Winter Chemical Company, a Common Law Trust," defendants were jointly liable for obligations incurred in the course of the business. This instruction stated the law applicable to the facts and was proper.

Defendants knowingly permitted their names to be used as trustees, and used the products of the chemical company, which they knew were manufactured at some rented place. Furthermore, the jury properly

could accept plaintiff's testimony that the defendants Quinlan and Russ verbally ratified the arrangement she made with Dr. Winter for the rental of the premises.

Defendants point out that the amount of the verdict is less than the amount which plaintiff claims, but we do not see that defendants can urge this as grounds for reversal. Plaintiff does not complain.

Upon the facts presented the verdict was proper, and as no errors occurred upon the trial the judgment is affirmed.

*Affirmed.*

MATCHETT, J., concurs.
O'CONNOR, J., dissents.