(No. 16939.—Judgment affirmed.)
HENRY J. MUELLER, Defendant in Error, *vs.* GEORGE M.
HAYES, Plaintiff in Error.

*Opinion filed April 23, 1926—Rehearing denied June 2, 1926.*

1. NEGLIGENCE—*effect of pleading the general issue.* Whether an action on the case be against an individual or a corporation the plea of the general issue denies only the wrongful act alleged to have been committed and does not put in issue the ownership, possession or operation of the property or instrumentalities which have caused the injury, as such matters are of inducement, only, and if the defendant desires to take issue on them he must do so by special plea.

2. SAME—*evidence cannot be introduced as to facts admitted by pleadings.* In a common law suit evidence can be introduced only upon the facts put in issue by the pleadings, and issuable facts alleged by one party and not denied by the other are admitted and are therefore not in issue, and no evidence can be introduced as to them by either party.

3. SAME—*when defendant admits agency in operation of automobile.* In an action on the case for personal injuries received in a collision with an automobile, the defendant, who was the father of the driver of the car, by pleading the general issue admits the material allegations as to the use of the car by his son, as his agent, at the time of the accident; and although the declaration contains further allegations as to the business of the defendant and as to the use of the car in such business the defendant can introduce no evidence as to such matters, as they are immaterial. (*Clark* v. *Wisconsin Central Railway Co.* 261 Ill. 407, distinguished.)

4. SAME—*leave to file special pleas after trial has begun rests in discretion of court.* In an action on the case, where the defendant has pleaded the general issue, a motion for leave to file special pleas after the trial has started is addressed to the discretion of the court; and the denial of the motion is not an abuse of discretion where the plaintiff is taken unawares by the defendant's move and where to allow the pleas to be filed and new issues formed would prejudice the plaintiff's case on account of the running of the Statute of Limitations in favor of the only other party against whom the suit might be brought.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding.

Roscoe L. Roberts, and Everett M. Swain, for plaintiff in error.

Elmer W. Adkinson, (Earl J. Walker, of counsel,) for defendant in error.

Mr. Chief Justice Dunn delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment for $5000 recovered by Henry J. Mueller in the circuit court of Cook county against George M. Hayes for personal injuries received in a collision between an automobile and a motorcycle, and by virtue of a writ of *certiorari* allowed to the defendant the record has been brought before us for review.

A few minutes before one o'clock in the afternoon of February 24, 1921, a motorcycle on which Mueller was going west on Lawrence avenue at the rate of twelve or fifteen miles an hour was struck at the intersection of Linder street by an automobile coming from the north and driven by Floyd Hayes at a speed of about forty miles an hour. Mueller was thrown to the pavement and seriously injured. The automobile turned over and its driver was killed. Floyd Hayes was the son of George M. Hayes, the plaintiff in error, and on March 21, 1922, Mueller sued the latter for the injuries he had received, filing a declaration consisting of three counts. The first alleged that the plaintiff in error and Floyd Hayes were partners in the coal and fuel business under the name of Jefferson Park Coal Company, and Floyd in operating the automobile was engaged in the business of the partnership at the time of the accident. The second count alleged that the plaintiff in error was engaged in the coal and fuel business and used in his business an automobile; that he employed Floyd as his agent and servant in the business, and Floyd was so employed as such agent and servant in operating the automobile at the time

of the accident. The third count alleged that the defendant was a householder residing with his family; that he purchased and possessed an automobile, which he kept and used for the pleasure, enjoyment and entertainment of the members of his family; that Floyd was the defendant's son and a member of his family, and the defendant permitted him to operate the automobile and at the time of the accident he was operating the automobile as the agent and servant of the defendant. All the counts charged that he was operating the automobile at a high, dangerous and unreasonable rate of speed and that by his negligence the plaintiff was injured. The defendant filed the general issue, alone, on April 14, 1922. The trial began on March 18, 1924, and the plaintiff introduced all his evidence on that day except his own testimony and that of one other witness. At the meeting of the court the next morning the defendant made a written motion for leave to file instanter four special pleas, which were tendered with the motion. The first plea was to the first count, and denied the existence of the partnership and denied that the automobile was being operated in the business of the alleged partnership. The second plea was to the second count, and denied that the defendant was engaged in the coal and fuel business under the name of Jefferson Park Coal Company and that Floyd was operating the automobile as his agent or servant. The third plea was to the third count, and denied that Floyd was a member of the family of the defendant and that he was driving the automobile as the agent or servant of the defendant. The fourth plea was to the first and second counts, and alleged that the Jefferson Park Coal Company was a corporation, of which Floyd was a stockholder, officer and employee, and that he was not an employee, agent or servant of the defendant. The court denied the motion. At the close of the evidence for the plaintiff the defendant moved the court to direct the jury to find him not guilty, which was denied. The defendant then offered to prove

that the Jefferson Park Coal Company was a corporation, of which Floyd was a stockholder and secretary and treasurer; that the automobile was owned by the defendant, but that when Floyd entered it and left the office of the corporation he was not on any business or employment of the defendant but was operating it for the purpose of going home to his dinner, and that Floyd was not a member of the defendant's family but was a married man over thirty years of age, living with his wife and children and maintaining his own domestic establishment. The plaintiff's objection to this evidence was sustained.

No evidence was introduced by the plaintiff tending to prove that the Jefferson Park Coal Company was a partnership of which Floyd was a member, or that he was operating the automobile as an agent or servant of the defendant or on business of the defendant, and it is contended that the court erred in refusing to admit evidence that Floyd was not driving the automobile as the servant or agent of the defendant or of a partnership of which the defendant was a member. It is further contended that if the evidence was not admissible under the general issue the court erred in denying the motion to file the special pleas.

For many years this court has held the doctrine that in actions on the case the general issue denies only the wrongful act alleged to have been committed and does not put in issue the ownership, possession or operation of the property or instrumentalities which have caused the injury. Allegations of such ownership, possession or operation are regarded as matters of inducement, only, which are not traversed by a plea of the general issue, and if the defendant desires to take issue on such particular facts he must do it by special plea. This was the principle announced in *McNulta* v. *Lockridge,* 137 Ill. 270, in which a receiver of a railroad company was sued for injuries received by the negligent operation of the cars by the servants of a former receiver. The plea of the general issue was interposed. No

evidence was introduced that a receiver had been appointed for the railroad company at the time of the accident and no resignation of the prior receiver was shown or the appointment of the defendant as his successor, but it was held that the plea of not guilty did not put in issue the appointment of a receiver or his possession and operation of the road or that the employees operating the trains were the servants of the receiver, as such. The principle thus announced has since been followed and recognized as the established law of this State. (*Pennsylvania Co.* v. *Chapman,* 220 Ill. 428; *Chicago Union Traction Co.* v. *Jerka,* 227 id. 95; *Pell* v. *Joliet, Plainfield and Aurora Railroad Co.* 238 id. 510; *Brunhild* v. *Chicago Union Traction Co.* 239 id. 621; *Carlson* v. *Johnson,* 263 id. 556; *Wheeler* v. *Chicago and Western Indiana Railroad Co.* 267 id. 306.) It is not a rule which applies only to railroad and municipal corporations and *quasi* public corporations. In *Carlson* v. *Johnson, supra,* the parties were two individuals. In *Chicago Union Traction Co.* v. *Jerka, supra,* it was said: "We see no hardship in requiring a defendant in a case of this character to plead specially that it was not the owner or in possession or operation of the property or instrumentalities which have caused the injury. The enforcement of this rule will, in our opinion, promote the ends of justice. If a plaintiff is afforded timely notice by a special plea that the want of ownership is relied upon as a defense the plaintiff will have an opportunity of making investigation, and if he ascertains that he has sued the wrong party, he may, before the Statute of Limitations becomes a defense, bring his suit against the party that is, in fact, liable. We cannot imagine a case where the rule established by the decisions of this court can work any hardship on defendants."

It is argued that the failure to file special pleas as to ownership and operation can have no greater effect than to relieve the plaintiff from introducing evidence on the question and shift the burden of proceeding with the evidence

in denial of the allegations to the defendant. The facts in issue in a common law suit are the facts upon which evidence may be introduced by either party. Issuable facts alleged by one party and not denied by the other are not in controversy and therefore no evidence can be introduced as to them by either party. The rule which determines whether facts are admitted or denied by the pleadings determines whether evidence is admissible to prove such facts. If the facts are admitted, evidence contrary to the admission can not be received.

The rule in the cases which have been cited was limited in *Clark* v. *Wisconsin Central Railway Co.* 261 Ill. 407, by this statement: "Those cases are authority for the proposition that the plea of not guilty does not put in issue the ownership of the railroad and instrumentalities ordinarily and commonly used by the railroad company, its agents and servants, in the operation of the railroad, but that rule does not apply where the instrumentality causing the injury was not one ordinarily or commonly used in the railroad business, and the defense sought to be made is that it did not belong to the defendant and was not used or operated by it or with its knowledge and consent, but was in control of and operated by someone for his own purposes who was not at the time engaged in the service of defendant." That suit grew out of the operation of a railroad, and the case does not question the rule that the ownership of the railroad and the instrumentalities ordinarily used in its operation are not put in issue by a plea of the general issue. The declaration, however, alleged that the injury was caused by the operation of a railroad velocipede, and it was held that, such an instrumentality not being one ordinarily used in the railroad business, the rule did not apply to it. While the possession of the road and the operation of cars in the ordinary way were not in issue, it was held that the defendant was entitled to show, under the general issue, that it did not own, operate or control this unusual instrumentality,

but that it was owned, operated and controlled by another without the knowledge or consent of the railroad company.

This limitation to property and instrumentalities ordinarily and commonly used in the business of the defendant has no application to this case, where the allegation of the business of the defendant is entirely immaterial to the cause of action. The allegation in the first two counts of the declaration that the defendant was engaged as a partner in the one count, or individually in the other count, in the coal and fuel business, was entirely foreign to the cause of action, as was the allegation that he was a householder residing with his family, in the third count. The including of three counts in the declaration was wholly unnecessary and all the allegations as to the business of the defendant were surplusage. They had no place in the declaration for any purpose. The substance of the cause of action was that the defendant was the owner of an automobile, that his son, as his agent, was employed in operating it, and that he operated it so negligently that the plaintiff was injured. In the *Clark case* the cause of action arose out of the operation of a railroad in which a certain article of machinery was used. In this case the cause of action arose out of the operation of an automobile, and it was immaterial whether the automobile was used in any particular business of the defendant or not. The only thing that was material was that it was in use at the time by his son as his agent.

The motion for leave to file the special pleas was addressed to the judicial discretion, which should be exercised in the interest of justice. The suit against the plaintiff in error was begun almost a year before the expiration of the Statute of Limitations as to the Jefferson Park Coal Company. The general issue was promptly filed, and there the matter rested until the case was called for trial and the plaintiff had introduced substantially all the evidence except his own testimony. Then, in the midst of the trial, the defendant asked leave to file pleas entirely changing the issues,

without making any showing whatever of a reason why at that late day the motion should be allowed. Afterward, on motion for a new trial, he filed an affidavit attempting to make such showing, stating that no inquiries had been made of him as to whether the Jefferson Park Coal Company was a partnership or a corporation and he had done nothing to deceive the plaintiff. The result of his failure, whether that was his intention or not, was to mislead the plaintiff as to the issues upon which he was to prepare for trial and to lull him into security as to the question of the ownership of the automobile and the agency of the driver. If the defendant had filed a plea indicating the defense upon which he expected to rely, the plaintiff would have been warned in time to investigate the facts more fully and to ascertain whether he had brought suit against the right party. The Statute of Limitations had already run against him in favor of the Jefferson Park Coal Company, and if the defendant should be allowed to file a new plea and make new issues, the plaintiff's remedy, if he had one, against the party who was perhaps actually liable,—and the only one, if any, who was liable,—would have been gone without his ever having had an opportunity to present his case to a court. Under such circumstances it was no abuse of judicial discretion to deny leave to file the special pleas.

The plaintiff in error complains of the refusal of three instructions asked. They were properly refused, for they were predicated upon the theory that the relationship of Floyd to the plaintiff in error, as his servant and agent, in driving the automobile was not admitted, which we have held to be incorrect.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*