Margaret Heh, Administratrix of Estate of John Heh, Deceased, Appellee, v. City of Chicago, Appellant.

Gen. No. 43,494.

Opinion filed April 24, 1946. Released for publication May 10, 1946.

BARNET HODES, Corporation Counsel, for appellant; J. HERZL SEGAL, Head of Appeals and Review Division, GEORGIA JONES ELLIS, HARRY MARKIN and ADAM E. PATTERSON, Assistant Corporation Counsel, of counsel.

JOSEPH D. RYAN, LOUIS P. MILLER, and ARTHUR RYAN, all of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action to recover for the death of plaintiff's intestate who was injured in a collision between his automobile and one owned by the City and driven by Sandmeyer. Verdict and judgment were for plaintiff and against the City for $10,000. The City has appealed.

The collision occurred at Grace Street and Claremont Avenue in Chicago, December 24, 1943. Sandmeyer, a City employee, was driving west on Grace Street in a Ford coupe on his way to a police station to repair a patrol wagon. Heh, the decedent, was driving south on Claremont Avenue in a Plymouth

automobile. The automobiles collided in the intersections. The Plymouth was badly damaged and was overturned. Plaintiff's intestate died the day after the accident.

The complaint is in four counts. The first and second counts charge negligence and wilful and wanton conduct against the City. The third and fourth counts make the same charges against Sandmeyer. Counts 1 and 2 are based on section 1—15, Revised Cities and Villages Act, (Chap. 24, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 21.1123 (1)]) as it read before the 1945 amendment. At the time of the accident this section made municipalities of over 500,000 population liable for injuries caused by negligence of members of the Police Department engaged in performing duties as policemen. Paragraph 3 of Count 1 is expressly adopted as Paragraph 3 of Count 2. It charges that at the time of the accident Sandmeyer was a member of the Chicago Police Department engaged in the performance of his duties.

The City concedes that, under the Municipal Code, Sandmeyer at the time of the accident was a member of the Police Department. It contends that his duties, however, were those of a mechanic and not a policeman. It claims that plaintiff failed to prove that Sandmeyer was engaged in performing duties of a policeman at the time of the accident, and failed to prove the City guilty of the negligence and misconduct charged.

The City agrees that it, as well as a private person, may be bound by the acts of its attorneys except where public policy would require otherwise. Its answer expressly admitted the allegation that Sandmeyer at the time of the accident was engaged in performance of his duties as a policeman. This admission was not withdrawn.

At the close of the evidence plaintiff made a motion to dismiss Sandmeyer. An affidavit, in support of the motion stated that plaintiff was doubtful of

Sandmeyer's liability under section 1—15. This section provides that where the injury is caused by the negligence of a member of the Police Department, while engaged in his duties as policeman, the municipality *only* shall be liable. The motion was discussed between court and counsel at the time plaintiff's counsel pressed his motion to dismiss Sandmeyer "if the record is clear that this man was engaged in performance of police duties." The court observed that, "I wondered all during the case about that. As I read the answer there was no denial . . . as to his employment." We think the colloquy part of which is quoted, leaves little doubt that plaintiff in dismissing Sandmeyer, relied on the City's admission. The City's attorney acquiesced in what transpired during the colloquy. The City made no attempt in any motion after verdict to disavow the admission.

██ The Statute of Limitations precludes plaintiff from suing Sandmeyer now. The City admits that the doctrine of estoppel applies to municipalities as well as private persons. We believe that justice requires that the City be estopped from changing its position now to plaintiff's disadvantage after having led her through the admission to dismiss Sandmeyer. *Mueller v. Hayes,* 321 Ill. 275.

The City says that the evidence does not tend to prove negligence or wilful and wanton conduct. The same alleged acts and omissions are the basis for charging careless operation, excessive speed, failure to lookout properly, failure to yield the right-of-way and failure to sound warning. We shall not consider on this point inferences argued by the City unfavorable to plaintiff. We shall consider the evidence and inferences most strongly in plaintiff's favor.

There was evidence that the Plymouth was proceeding south about 15 miles an hour on the west side of the street; that as it entered the intersection, the City Ford was proceeding west about 40 feet from the intersection going 35 miles per hour; that when the

Ford hit the Plymouth, the latter was past the center of Grace Street and almost up to the south curb; that the Ford swerved southwest and struck the center of the Plymouth; that there was a "very loud crash"; that the Plymouth was tipped over on its side; that skid marks commenced about 15 feet east of the east crosswalk of Grace Street and extended 45 to 50 feet; that the skid marks ended about 7 to 10 feet from the southwest corner of the intersection and south of the center line about 2 or 3 feet; that Sandmeyer looked to the north before entering the intersection, but saw no car approaching; that when he first saw the Plymouth it was at the north crosswalk; and that he did not blow his horn.

In addition to the foregoing there were photographs in evidence of the extensive damage to the Plymouth and showing the closely built-up nature of the intersection. We believe that this evidence tended to prove the allegations and that the questions were for the jury.

This conclusion disposes of the objection to plaintiff's given instruction No. 19.

The City seeks to avoid liability on the ground that Sandmeyer was engaged in performing a governmental function with immunity to the City for his Torts. It does not raise the question of the constitutionality of the Statute. We think the provisions of the Section in question are sufficient answer to this point.

Because of our conclusion upon the City's admission that Sandmeyer was "engaged in the performance of his duties as a policeman," we see no merit in the complaint about plaintiff's instruction No. 1.

For the reasons given the judgment is affirmed.

*Judgment affirmed.*

LEWE and BURKE, JJ., concur.