Royal L. Brockob Construction Co., Plaintiff-Appellee, v. Trust Company of Chicago, Henry K. Holsman et al., Copartners Doing Business as Holsman, Holsman & Klekamp, William T. Holsman, Individually, et al., Defendants. George P. Ellis, Defendant-Appellant. Harry K. Holsman et al., Defendants-Appellants.

Gen. No. 46,476.

First District, Second Division.

June 28, 1955.

Released for publication September 13, 1955.

566

Russell & Bridewell, and Horace A. Young, all of Chicago, for defendants-appellants; David A. Bridewell, and Horace A. Young, both of Chicago, of counsel.

Christianson & Scarry, of Chicago, for plaintiff-appellee; J. R. Christianson, and Henry J. Scarry, both of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendants-appellants appeal from a judgment against them for $3,783 entered by the court upon a trial without a jury. All the appellants except William T. Holsman were managing trustees under a trust agreement creating a real estate development project. The principal question involved is whether they are personally liable to plaintiff for work done pursuant to a construction contract. This contract was signed as follows:

> "The Community Development Trust
> Special Mutual Ownership Trust No. 4130.01
> By William T. Holsman
> assistant to Executive Secretary."

William T. Holsman signed the contract only as an agent. Plaintiff admits that it was error to include him in the judgment. The judgment as to William T. Holsman is therefore reversed, and we will consider the question of the liability of the remaining appellants whom we will call appellant-trustees.

The trust agreement is between the managing trustees and the holders of certain certificates of shares

of the trust. It contains clauses providing that no recourse shall be had against the trustees but only against the trust estate; that all contracts shall refer to the trust agreement and shall stipulate that no personal liability shall arise against the trustee, the managing trustees, or any shareholders; and that the trustees shall not incur any personal liability. For the purpose of protecting themselves, the trustee and managing trustees are expressly authorized to enter into contracts of insurance. The trust agreement then reiterates what appears to have been clearly stated thereinbefore, that the trustee and managing trustees shall under no circumstances be involved in liability, except to the extent of the resources of the trust. Notwithstanding this, the construction contract did not refer to any provision of the trust agreement. While plaintiff knew, of course, that the contract was signed on behalf of a trust, it knew nothing about the trust agreement and had no notice of its exculpatory clauses.

The sole question, therefore, is whether the fact that the construction agreement was executed in the name of the trust is sufficient to exonerate appellant-trustees from personal liability. The trustees associated themselves together in this enterprise and selected as a suitable medium this character of trust. It is a commonly recognized method for the acquisition and improvement of land and the operation of real estate enterprises. However, the individuals who thus associate themselves are not exempt from personal liability unless their contracts with third persons specifically so provide or other evidence makes it clear that such was the understanding. Schumann-Heink v. Folsom, 328 Ill. 321, 329; Bishop v. Bucklen, 390 Ill. 176, 60 N.E.2d 872; Sheets v. Security First Mortgage Co., 293 Ill. App. 222, 12 N.E.2d 324; Hunter v. Winter, 268 Ill. App. 487. The law on this subject is reviewed at 139 A. L. R. 134, and is summarized in a conclusion reached at page 138, as follows:

568

". . . that if the contract is entered into by a trustee in a form and under circumstances not sufficiently negativing personal liability, the trustee becomes personally bound because he has no principal or, rather, because he is the principal himself."

It was considered at length in Review Printing & Stationery Co. v. McCoy, 276 Ill. App. 580, 291 Ill. App. 524, 10 N.E.2d 506, and Review Printing & Stationery Co. v. Camlin, 303 Ill. App. 444, 25 N.E.2d 549.

The most recent pronouncement of the Supreme Court of Illinois on the subject is in the case of Barkhausen v. Continental-Illinois Nat. Bank & Trust Co. of Chicago, 3 Ill.2d 254. In that case the trustee executed an agreement *not individually but solely in his capacity as trustee of a land trust.* In addition to the inferences to be derived from the signature to the instrument, which is quite different from that in the instant case, documents and oral evidence were submitted showing that there was no intention to do anything more than bind the assets of the trust, and that the complaining parties were so advised. Under these circumstances the court held that the individuals were not bound. No such evidence was presented in the case before us.

The trustees in the instant case recognized that they might be subjected to personal liability, as appears from the provisions of the trust agreement hereinbefore referred to, particularly those provisions relating to contracts with third persons. In this respect they were well advised. The only difficulty is that their agent failed to include in the contract a reference to the trust agreement and particularly that clause limiting liability under the contract to the resources of the trust. Under these circumstances and in the absence of any evidence of an understanding with respect to exemption from personal liability, the appellant-trustees were properly held liable.

 Appellant-trustees contend that the trial court erred in denying their motion for a continuance in order that they might file a third party proceeding. This motion was made orally, without prior notice as required by rule of court, on the date on which the case was set for trial. The purpose of the motion was to bring in the managing trustees who had succeeded appellants. This, the appellants argue, would have been more in accordance with the ends of justice. However, in view of our decision that it is the appellant-trustees who are personally liable, we do not see that the ends of justice would have been served by such a proceeding. In any event, a motion for leave to amend pleadings is addressed to the sound discretion of the court and a judgment will not be reversed for a refusal to allow an amendment unless there has been an abuse of discretion. This is particularly true where the proposed amendment undertakes the institution of a third party proceeding and is made on the day the case is ready for trial, so that not only the granting of the amendment is involved but the settling of pleadings in a new proceeding, with the delays and continuances that would accompany it. The court properly denied the motion. Wiley v. Platter, 17 Ill. 538; Benton v. Marr, 364 Ill. 628; Condon v. Brockway, 157 Ill. 90; County of Winnebago v. Cannell, 376 Ill. 277, 281; McGlaughlin v. Pickerel, 381 Ill. 574, 582; Oran v. Kraft-Phenix Cheese Corp., 324 Ill. App. 463, 472.

 Appellant-trustees complain that plaintiff has named certain of the appellants as copartners doing business under the name and style of Holsman, Holsman & Klekamp. We do not see that the appellant-trustees were in anywise prejudiced by that statement. The character of their liability is clearly shown by the statement of claim. It is not necessary to find a category for it.

■ It is contended by appellant-trustees that $1,000 should have been credited on the amount claimed. It appears that prior to the execution of the construction contract, plaintiff was asked to do some work such as the building of shanties, miscellaneous lay-out work, grading, etc. He applied the check for $1,000 received by him on that work instead of on work done after the construction contract was entered into. This he had the right to do. Liese v. Hentze, 326 Ill. 633, 639. The judgment is therefore in the correct amount.

Judgment reversed as to William T. Holsman. Judgment affirmed as to all other defendants-appellants.

McCORMICK, P. J. and ROBSON, J., concur.