In the Matter of the Estate of Rachel Gingolph, Deceased.
Benjamin Gingold, Appellant, v. Jerry Gingolph, Administrator of the Estate of Rachel Gingolph, Deceased, Appellee.

Gen. No. 53,400.

First District, Fourth Division.

September 10, 1969.

Francis J. Mahon, of Chicago, for appellant.

Richard P. Fredo and Arthur Rosenblum, of Chicago, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This action arose out of a petition filed on August 4, 1967, by appellant, Benjamin Gingold, seeking to vacate an order declaring appellee, Jerry Gingolph, the only heir at law and next of kin of Rachel Gingolph. The order declaring heirship and letters of administration were obtained by appellee on February 10, 1967, after a hearing at which he was the only witness. On August 4, 1967, appellant filed a petition to vacate the order declaring heirship and for other relief. On that date appellee made an oral motion for a surety bond; and also on that date a citation to discover assets was issued against appellant.

On August 10, 1967, the magistrate entered an order requiring appellant to file a surety bond in the amount of $50,000 "as security for costs and to secure the assets purportedly held by him in France." On August 16, 1967, appellant filed a motion to vacate the order requiring bond, which was denied.

On March 15, 1968, appellant filed a motion to vacate all orders theretofore entered because of the incompetency of appellee to testify as to heirship, citing section 2 of the Evidence Act.

On March 19, 1968, appellee's petition to dismiss appellant's petition to vacate the order declaring heirship because of appellant's refusal to file bond was granted. On March 22, 1968, appellant's motion to vacate the order of March 19 was denied.

On April 11, 1968, the magistrate entered an order granting appellant leave to file an amended petition signed by his attorney to vacate the order declaring heirship, which was immediately done. There was no objection to this order. On April 18, 1968, appellant filed his own verified amended petition to vacate order declaring heirship along with a petition to vacate order setting bond. On May 10, 1968, appellee filed a motion to strike appellant's petition to vacate the order setting bond and other orders and petition for other relief.

On June 5, 1968, the magistrate entered his order denying appellant leave to substitute his own verified amended petition for that signed by his attorney, striking the amended petition signed by appellant's attorney, filed April 11, 1968, and further denying appellant's motion to vacate orders of the magistrate for want of authority.

Appellant makes three contentions on appeal: (1) where a dispute arises concerning who are heirs of a decedent, the testimony of a person interested in the outcome of the proceeding is incompetent evidence under section 2 of the Evidence Act, and an order entered based on that testimony is improper and should be vacated; (2) the statute requiring a nonresident to file a surety bond as security for costs does not apply to a person contending to be an heir in the administration of an estate; and (3) the denial of the motion to substitute appellant's own verified petition to vacate the order declaring heirship for one filed by his attorney is an abuse of judicial discretion and contrary to the provisions of the Civil Practice Act.

■ ■ Appellant first argues that the order declaring heirship is void because it is based upon the incompetent testimony of appellee who is prohibited from testifying under the provisions of section 2 of the Evidence Act, Ill Rev Stats 1967, c 51, § 2,* citing Estate of Diak, 70 Ill App2d 1, 217 NE2d 106, in support of his contention. Diak is distinguishable from the instant case,

---

* No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of any habitual drunkard, or person who is mentally ill or mentally deficient, or as the executor, administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee, unless when called as a witness by such adverse party so suing or defending . . . .

however, in that in Diak the proof of heirship was contested at the time of the initial hearing whereas in the instant case there was no contest until appellant's petition to vacate the order declaring heirship was filed some six months later. As the court said in Diak at page 6:

[A]n heir is competent to testify in a proceeding to establish the heirship of his ancestor where there is involved only a routine matter of establishing such heirship and where no contest arises as to who is or is not an heir. Although the heir has an interest in the outcome of the proceeding, there is no "adverse party suing or defending" in any capacity defined by section 2 of the Evidence Act, and consequently involves circumstances not covered by the Act.

Thus we hold that appellee was competent to testify at the uncontested hearing on proof of heirship and the order declaring heirship was not erroneous on this ground when entered.

■ Appellant argues further that he was entitled to notice of the issuance of letters and of the proof of heirship proceedings. This contention is without merit. As a nonresident of the United States appellant was not a person entitled to administer the estate or to nominate a person to administer, and as a brother of decedent he had no preference over a person claiming to be a child of decedent. Ill Rev Stats 1967, c 3, §§ 94 and 96. Therefore, appellant is not entitled to notice of the hearing on the petition for letters of administration (Ill Rev Stats 1967, c 3, § 99) or of the hearing on proof of heirship (Ill Rev Stats 1967, c 3, § 57).

■ Appellant next argues that the requirement that he post a $50,000 bond as security for costs and to secure the assets purportedly held by him in France was im-

proper. The posting of security for costs is governed by statute, Ill Rev Stats 1967, c 33, § 1, and reads as follows:

> In all actions in any court on official bonds for the use of any person, actions on the bonds of executors, administrators or guardians, qui tam actions, actions on a penal statute, and in all cases in law or equity, where the plaintiff, or person for whose use an action is to be commenced, shall not be a resident of this state, the plaintiff for whose use the action is to be commenced, shall, before he institutes such suit, file, or cause to be filed, with the clerk of the court in which the action is to be commenced, security for costs, substantially in the following form:

This statute is not applicable in the instant matter because the appellant has not, by filing his petition to vacate the order declaring heirship, commenced an action nor instituted a suit. The suit was instituted when the appellee petitioned for letters testamentary; appellant, by his petition, is in actuality replying to appellee's petition and therefore cannot be deemed to have been a plaintiff or a person for whose use an action was commenced. We thus hold that there is no basis for requiring security for costs from appellant. Further, the statute quoted above does not cover probate matters. Its broadest term, "cases in law or equity," has been held not to apply to statutory proceedings. Gabel v. City of Chicago, 37 Ill2d 532, 229 NE2d 497.

■ An indeterminate amount of the bond was for the purpose of securing assets purportedly held by appellant in France. We can find no basis or power for the requirement of a bond for such a purpose. Article XV of the Probate Act, Ill Rev Stats 1967, c 3, §§ 183–187a, provides a procedure for recovering property be-

longing to the estate, to wit, a citation proceeding. If appellee fears the secretion of estate assets, then he should employ the Article XV procedure. It was improper for the court to require a security bond as a prerequisite for obtaining a hearing on appellant's petition to vacate the order declaring heirship.

█ █  Appellant's final contention is that the magistrate should have allowed the substitution of appellant's own verified amended petition for the petition signed by appellant's attorney. An attitude of liberality in the amendment of pleadings is the announced policy of courts of this state, Lahman v. Gould, 82 Ill App2d 220, 226 NE 2d 443; Ill Rev Stats 1967, c 110, § 46; and we can find no reason for not allowing the substitution of appellant's own petition. Appellee argues that the same matter had been dealt with by the court in several prior petitions, but this argument is without merit because the magistrate had already granted leave to appellant's attorney to file an amended petition and thereby had manifested his willingness to hear the matter again. In light of this permission to file an amended petition (which was not objected to by appellee) we believe the ends of justice would be furthered by allowing the appellant to file his own petition.

The cause is remanded to the Circuit Court with instructions to allow the substitution of appellant's verified amended petition for the petition signed by his attorney and filed April 11, 1968, to grant appellant's petition to vacate the order setting bond, and to thereafter proceed in a manner consistent with this opinion.

Reversed and remanded with directions.

ENGLISH and STAMOS, JJ., concur.