FURLA STUDIOS, INC., Plaintiff-Appellant, *v.* KATHRYN GILLEN, by her agent, ALFRED M. CLARY, Defendant-Appellee—(WALTER PREIBISCH *et al.*, Intervenors-Appellees.)

(No. 54182; ▮▮▮▮▮▮▮▮)

First District—June 18, 1971.

*Rehearing denied August 4, 1971.*

Samuel D. Freifeld, Charlotte Ziporyn and Geocaris, Sneider & Troy, all of Chicago, (Richard J. Troy and Ronald N. Dubner, of counsel,) for appellant.

Ferdinand Buckley, and Sullivan & Sullivan, both of Chicago, (John F. Sullivan, of counsel,) for appellee.

Peter K. DeVuono, of Skokie, for intervenors-appellees.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff appeals from a judgment dismissing its complaint with prejudice and from a denial of its motion to vacate that judgment. On appeal plaintiff contends that the trial court erred in dismissing its cause of action and in failing to permit the filing of an amended complaint.

On August 2, 1968, plaintiff filed a complaint for specific performance alleging in part: (1) that on April 14, 1965, Kathryn Gillen, by her agent

Alfred M. Clary, (hereinafter "defendant") as lessor, entered into a lease with plaintiff; (2) that paragraph twenty-five of the lease stated that defendant agreed not to sell the leased premises during the term of the lease to a third party without first offering to sell the premises to plaintiff under the same terms and conditions as defendant would sell to a third party or nominee of the third party; (3) that on June 28, 1968, defendant notified plaintiff that she had received an offer to purchase the leased premises from Walter Preibisch and Eugene M. Haegele for $71,000, including a broker's commission to EMH Realty Incorporated; (4) that the terms under which defendant agreed to sell to a third party were, *inter alia,* a net price to defendant of $66,740; (5) that plaintiff had made previous offers to purchase the leased premises which defendant refused; (6) that since July 3, 1968, when plaintiff exercised its option to purchase, it has been ready, willing and able to complete the transaction under the same terms and conditions as defendant agreed to sell to said third party; and (7) that defendant's refusal to accept a net sales price of $66,750 constitutes a breach of contract whereby specific performance should be granted.

On September 5, 1968, defendant filed a motion to strike plaintiff's complaint and dismiss its cause of action. Thereafter Walter Preibisch and Eugene M. Haegele (hereinafter "Intervenors") filed a motion to intervene seeking to protect their rights as contract purchasers of the leased property. Plaintiff filed objections to these motions.

On January 21, 1969, intervenors' motion was granted and they were also granted leave to file instanter a motion to dismiss plaintiff's complaint.

On February 13, 1969, defendant filed an amended motion to dismiss plaintiff's complaint which alleged in part: (1) that on June 5, 1968, defendant notified plaintiff that:

"* * * Kathryn Gillen, owner of the premises at 2272-74 West Leland Avenue and 4701-15 North Lincoln Avenue, Chicago, Illinois, has entered into an agreement with Walter Preibisch and Eugene M. Haegele for the sale of said premises. The store which you occupy as Lessee at 4703 North Lincoln Avenue, Chicago, Illinois, is a part of said premises. Paragraph Twenty-fifth of the lease for said store, dated April 14, 1965, provides as follows:

As a condition for Lessee entering into this agreement, Lessor agrees not to sell the building located at 4703 N. Lincoln Avenue, of which the demised premises are a part, during the terms of this lease or any subsequent renewals, to a Third Party or nominee of a Third Party, without first offering to sell building

to Lessee under same terms and conditions as Lessor would sell to Third Party or nominee of Third Party.

I enclose here with a photographic copy of the contract between Kathryn Gillen, Owner, and the purchasers, which provides that the sale price is $71,000.00, with a cash payment of $20,000.00 and that the purchasers will execute their mortgage for the balance of $51,000.00. Said contract further provides for the regular Chicago Real Estate Board commission to be paid to the named broker who arranged for said sale.

In accordance with the terms of the option given to you by your present lease, I hereby offer to sell said premises to you under the same terms and conditions which are set forth in said contract of sale. Please advise me as soon as possible if you decide to exercise your option. This offer to you will expire and terminate at 12:00 Noon on July 10, 1968. If you do not advise me in writing that you are accepting this offer on or before said date and time I shall assume that you do not desire to exercise the aforesaid option."

(2) that plaintiff's letter which allegedly exercised its option to purchase stated in part:

"Pursuant to the provisions of a certain lease dated October 14, 1965, (paragraph 25) we acknowledge said letter as a bona-fide offer to Mr. Furla based on a bona fide offer received from Preibisch and Haegele. My client, Mr. Furla accepts the offer on the same terms and conditions.

This is to further confirm our understanding that the net amount due the sellers will be the same pursuant to our offer since Mr. Furla's offer does not involve the necessity of paying a real estate broker's commission to any broker. Therefore, please accept this communication as an acceptance of the seller's offer under the same terms and conditions contained in the third party offer."

(3) that plaintiff's letter did not constitute a proper acceptance of defendant's offer and was not accepted by defendant; (4) that plaintiff's purported acceptance contained new terms and conditions and in effect was a counter-offer; and (5) that defendant had not entered into an agreement to sell the leased premises to plaintiff and therefore plaintiff was not entitled to specific performance.

Subsequently, on March 21, 1969, the trial court ordered plaintiff's complaint stricken and dismissed its cause of action with prejudice. On April 21, 1969, plaintiff's motion to vacate the March 21st dismissal order and for leave to file an amended complaint was denied. Plaintiff appeals from these orders.

*Opinion*

Plaintiff contends that the trial court erred in striking its complaint and dismissing its cause of action with prejudice. Defendant, however, argues that plaintiff's acceptance of her offer to sell the leased premises given under the option agreement was not accepted under the same terms and conditions as the offer was made and therefore no contract to sell exists between the parties. Intervenors join in this argument.

Williston on Contracts, 3rd Edition, § 61D, Exercise of Options, states:

> "When the optionee decides to exercise his option he must act unconditionally and precisely according to the terms of the option * * *.

> The general attitude of the courts is to construe the attempt to accept the terms offered under the option strictly."

In *Dept. of Public Works & Bldgs. v. Halls*, 35 Ill.2d 283, the single question presented by the appeal was whether the lessee of a parcel of land properly exercised an option to purchase the leased premises. The court found that the purported acceptance by the lessee constituted a counter-offer and held that the option was not exercised. In so holding the court, at page 285, stated:

> "It is elementary that where one party gives an option to another, the acceptance, to be valid so as to conclude an agreement or contract between the parties, must, in every respect, meet and correspond with the offer, neither falling short of, nor going beyond, the terms proposed, but exactly meeting them at all points and closing with them just as they stand." *Morris v. Goldthorp*, 390 Ill. 186, 195, quoted in *Gaskins v. Walz*, 409 Ill. 40, 43.

See also *Epton v. CBC Corp.*, 48 Ill.App.2d 274, and *Stearns v. Western*, 87 Ill.App.2d 465.

In the instant case the offer made by intervenors to defendant called for a purchase price of $71,000, subject to the payment of a real estate broker's commission. However, plaintiff's prayer for relief states that "defendant specifically perform said agreement with the Plaintiff, delivering to the Plaintiff a good and sufficient sales agreement for a sales price of $66,740.00 and proceed to complete the sale and convey the property by Warranty Deed * * *."

The intervenors' offer to purchase was transmitted by defendant to plaintiff in the exact terms in which the offer was made to her. Pursuant to paragraph twenty-five of the lease between plaintiff and defendant, the leased premises were offered for sale by defendant to plaintiff "under the same terms and conditions as the Lessor [defendant] would sell to a Third Party or nominee of Third Party."

■■ The purported acceptance by plaintiff to purchase the leased prem-

ises did not include the payment of the real estate broker's commission, thereby changing the price defendant sought for her property and leaving undetermined other terms of payment such as the amount of down payment. It also constituted a counter-offer requiring defendant's acceptance, which she rejected. Since plaintiffs purported acceptance did not, in every respect, meet and correspond to the terms proposed by defendant, and since defendant rejected the counter-offer, there never was an effective exercise of the option by plaintiff and no contract to purchase existed between plaintiff and defendant.

■■ When one party to a contract seeks specific performance from the other party, it is within the province of the court to enforce the contract which the parties themselves have made and not to make a new contract for them. (*Morris v. Goldthorp*, 390 Ill. 186, and *Dept. of Public Works & Bldgs. v. Halls, supra.*) For specific performance to be effective in the instant case it would be necessary to make an entirely new contract between plaintiff and defendant based on the lower price of $66,740 offered by plaintiff. Therefore we find that the court properly dismissed the complaint with prejudice.

Plaintiff next contends that the court erred in denying its motion to vacate the dismissal and in not allowing plaintiff to file an amended complaint.

In the hearing on the motion to vacate plaintiff obtained leave to file the affidavit of Spero Furla which alleged that it was the understanding of the parties that the phrase "same terms and conditions" meant that the defendant seller receive the same *net* dollar value from plaintiff as from a third party. The affidavit also stated that affiant was a witness to a deposition at which *Haegele,* one of the two purchasers, admitted that he was the holder of 100% of the corporate stock of EMH Realty Incorporated, and that said realty firm would receive a commission.

The fact that Haegele, one of the purchasers, was at the same time the sole stockholder of EMH Realty Incorporated is of no significance. The corporation was a separate entity and in the contract of purchase Henno Krevald is also mentioned as broker.

■■ Plaintiff argues that since the amount he proffered was the same as the net amount defendant would receive from Preibisch and Haegele, the "same terms and conditions" had been met. The thrust of this contention is that defendant was obliged to sell her property without the services of a real estate broker and that plaintiff was only obliged to meet the net price defendant would receive even though defendant had obligated herself to pay a commission. In answering this argument the trial court stated:

"I don't know any way this woman [defendant] could have

gotten the highest price for her property other than going into the market place and listing it for sale. It would be an unfair interpretation of the contract for me to say that she was compelled to do something other than that."

The complaint shows that plaintiff had offered only $62,000 to defendant four months before. The employment of a broker netted her $66,700. We must agree that she was entitled to hire a broker and the amount of the broker's commission could not inure to the benefit of the plaintiff. In *Schenkmeyer v. Altheimer*, 327 Mo. 666, 37 S.W.2d 944, the court held that the agreement between the owner of property and her broker (real estate agent) was of no concern to the purchaser, for the purchaser could not be interested or affected by the compensation agreed upon and paid as between owner and broker.

■■ Therefore, Spero Furla's affidavit raised no new issues and the court properly denied the motion to vacate the judgment of dismissal.

Plaintiff argues that Spero Furla's affidavit stated facts which, if allowed to be pleaded in an amended complaint, would have stated a cause of action. No amended complaint was proffered. The trial court found that the affidavit added nothing to that which it had already considered.

■■ Although Illinois Revised Statutes 1967, ch. 110, sec. 46, permits parties to file amendments to their cause of action, this permission rests within the discretion of the trial court and its ruling will not be disturbed on review unless such discretion is abused. (See *Interlake Iron Corp. v. Dravo Corp.*, 68 Ill.App.2d 167, and *Nemanisch v. Long Grove Country Club Estates*, 119 Ill.App.2d 169.) In the instant case we find no abuse of discretion by the trial court in denying plaintiff's request to submit an amended complaint.

The judgment is affirmed.

Judgment affirmed.

ENGLISH, P. J., and LORENZ, J., concur.