ROBERT HASTINGS, Plaintiff-Appellee, *v.* ABERNATHY TAXI ASSOCIATION, INC., Defendant-Appellant.

(No. 56684; ▮▮▮▮▮)

First District (3rd Division)—December 20, 1973.

John D. Norcross and Ellis B. Rosenzweig, both of Chicago, for appellant.

James V. Cunningham and Paulson and Ketchum, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

Robert Hastings filed suit against the Abernathy Taxi Association, Inc., for the injuries he received when his automobile, which was stopped for a red light on a Chicago street, was struck from the rear by a taxicab. It was alleged that the driver of the cab, Edmond Howard, was Abernathy's agent and that he was driving its cab for hire while in the scope of his employment.

During the course of the litigation four different attorneys or law firms represented Abernathy. For the sake of simplicity we shall refer to them as No. 1, No. 2, No. 3, and No. 4. Attorney No. 1 filed an answer to the complaint which admitted that Howard was Abernathy's agent and drove the cab while in the scope of his employment, but denied that he caused its cab to run into Hastings' auto. Interrogatories were filed and answered by Hastings and Abernathy. Hastings' deposition was taken, his income tax returns were disclosed and at Abernathy's request he submitted to a medical examination. Hastings moved to advance the case for trial and several pre-trial conferences were held. Three and one-half years after the appearance of attorney No. 1 had been filed, attorney No. 2 entered the case and Hastings gave him a detailed report of its progress and status. Attorneys No. 3 entered the case 15 months later. They filed motions to amend the answer and for summary judgment; the import of both motions was that the taxicab was not owned by Abernathy and Howard was not its agent. The motion to amend was granted but the motion for summary judgment was denied. Subsequently, the amended answer was stricken and the original answer was reinstated. Attorneys No. 4 then appeared. Their motion to reinstate the amended answer was denied. Attorneys No. 4 also sought permission to file a third-party complaint against attorney No. 1. The request was denied by the motion judge and by the judge to whom the case was assigned for trial. Following the presentation of all the evidence, the trial judge directed a verdict in favor of Hastings as to liability but submitted the issue of damages to the jury. The judge assessed Hastings' damages at $17,000 and judgment was entered for this amount.

Abernathy contends that the trial court erred in vacating the order which had allowed an amendment to its answer, in denying leave to file the third-party action, and in excluding and admitting evidence.

The amended answer was not presented until four years and ten months after the original answer was filed. In opposing the amendment and in moving to strike it, Hastings complained that the ownership of the cab and the agency of Howard had not been previously questioned. He stated that Abernathy had repaired the cab within 36 hours of the accident and that Abernathy's answers to his complaint and interrogatories admitted ownership and agency. He argued that attorney No. 2, who stated that he was Abernathy's personal attorney, was given a detailed account of the case 16 months before the amended answer was presented and he not only did not object to the original answer but had stated that the possibility of a settlement was being investigated; that a $9,000 settlement was made with the Inter-Insurance Exchange of the Chicago Motor Club under the uninsured motorist provision of Hastings' policy; that it appeared of record that attorneys No. 3 were responsible for the amendment were associated with attorney No. 1 during the pendency of the suit; that while attorney No. 1 was in the case extensive discovery had been undertaken and many pre-trial conferences had been held; that Abernathy and its attorneys were guilty of laches, and that Hastings was prejudiced because the statute of limitations had elapsed in respect to any other defendants.

■■ Under the provision of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 46(1)), amendments may be allowed enabling the defendant to change his defense or to add a new defense at any time before final judgment. Although the policy of Illinois courts is one of liberality in the amendment of pleadings (*In re Estate of Gingolph* (1969), 114 Ill.App.2d 363, 252 N.E.2d 726), parties do not have an absolute and unlimited right to amend. (*O'Neill v. Chicago Transit Authority* (1972), 5 Ill.App.3d 69, 283 N.E.2d 99; *Ennis v. Illinois State Bank of Quincy* (1969), 111 Ill.App.2d 71, 248 N.E.2d 534.) Permission to file an amendment rests within the discretion of the trial court and its rulings will not be disturbed on review unless its discretion has been manifestly abused. (*Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill.2d 1, 280 N.E.2d 437; *Furla Studios, Inc. v. Gillen* (1971), 133 Ill.App.2d 620, 273 N.E.2d 220; *Davidson v. Olivia* (1958), 18 Ill.App.2d 149, 151 N.E.2d 345.) The test to be applied in determining whether discretion was properly exercised is whether it furthers the ends of justice. *Bowman v. County of Lake* (1963), 29 Ill.2d 268, 193 N.E.2d 833; *Lahman v. Gould* (1967), 82 Ill.App.2d 220, 226 N.E.2d 443.

■■ Promotion of the ends of justice in this case does not solely in-

volve Abernathy's right to present a defense which may have absolved it from liability. Hastings' plight must also be considered. Similar fact situations involving amendments by defendants were presented in the following cases: *Mueller v. Hayes* (1926), 321 Ill. 275, 151 N.E. 874; *Chicago Union Traction Co. v. Jerka* (1907), 227 Ill. 95, 81 N.E. 7; *Kieshkowski v. Bostrom* (1913), 179 Ill.App. 73; *Beninghoff v. Futterer* (1913), 176 Ill.App. 579. In these cases, the defendants, after having pled the general issue which did not put into issue their status or capacity in which they were sued, generally sought to file special pleas denying their ownership or agency. Amendments to the pleadings were denied by the trial courts and upheld on review because of the implied admissions of prior pleadings and the tolling of the statute of limitations with respect to other possible defendants. The present controversy does not concern an implied admission—Abernathy, by its attorney, explicitly admitted that Howard was its agent and, while in the scope of his employment, operated a taxicab owned by it. The result of the initial admissions of agency and ownership, whether it was Abernathy's intention or not, was to mislead Hastings as to the future trial issues. The answer and subsequent action lulled him into a false sense of security. If the new defense had been more timely presented, he would have been warned in time to conduct a further investigation of the facts and to determine whether his suit had been brought against the right party. The statute of limitations had already run against Hastings in favor of Howard and other possible defendants. If Abernathy were allowed to amend its answer, Hastings' remedy against either Howard or the party that Abernathy claimed owned the cab would have passed without an opportunity to present the cause to a court. The trial court did not abuse its discretion and it promoted the ends of justice when it struck Abernathy's amended answer.

Abernathy's second contention pertains to the motion filed by its fourth set of attorneys for leave to file a third-party complaint against attorney No. 1. The third-party complaint alleged that this attorney, who represented Abernathy's insurer, was negligent in investigating the facts and, without consulting Abernathy, answered Hastings' complaint admitting ownership and Howard's agency. Indemnity for damages was sought against this attorney for any judgment rendered in favor of Hastings against the Abernathy corporation. This request came more than five years after the suit had been filed. It was made on the day Hastings was to present his first witness to the jury.

A defendant may file a third-party complaint within the time for filing his answer, and if not filed within the appropriate time, he must thereafter secure leave of the court. (Ill. Rev. Stat. 1969, ch. 110, par.

25(2).) The question of allowing a third-party complaint is addressed to the discretion of the court. The proposed third-party complaint would have injected foreign issues, extraneous theories and totally different evidence into a lawsuit which had entered the trial stage. Allowance of the motion could have entailed discovery proceedings, the settling of subsequent pleadings and the accompanying delays which would necessarily follow. The court did not abuse its discretion in denying the motion. *Stahelin v. Board of Education* (1967), 87 Ill.App.2d 28, 230 N.E.2d 465; *Royal L. Brockob Construction Co. v. Trust Co.* (1955), 6 Ill.App.2d 565, 128 N.E.2d 620.

Since Abernathy was not allowed to amend its answer nor file a third-party complaint, it attempted to introduce evidence on the following subjects: the nonagency status of Howard with relationship to Abernathy, the nonownership of the vehicle which Howard drove, Howard's employment by another company and the reasons why the original answer included the damaging admissions. The court denied the tendered evidence and limited the defendant to an offer of proof. Abernathy now contends that it was error to deny it the right to explain the original answer which had been filed by its insurer's attorney.

■■ An admission contained in an answer is binding on the party making it and, as to such party, it is conclusive as to the admitted facts. (*Beccue v. Rockford Park District* (1968), 94 Ill.App.2d 179, 236 N.E.2d 105; *Coss v. Magdziasz* (1965), 65 Ill.App.2d 40, 212 N.E.2d 717.) Formal admissions in leadings are judicial admissions which have the effect of withdrawing a fact or facts from issue and dispensing wholly with the need for proof of the admitted facts. (*Precision Extrusions, Inc. v. Stewart* (1962), 36 Ill.App.2d 30, 183 N.E.2d 547.) Thus, the judicial admissions, which were not allowed by the court to be withdrawn, were conclusive and the court was correct in refusing submission of the tendered evidence to the jury.

Abernathy's next contention of evidentiary error is that it was denied the right to introduce into evidence an estimate of the damages to Hastings' automobile. Hastings was critically ill and he did not testify at the trial. The only witness who testified about the actual accident was Sherry Foreman, the plaintiff's daughter, who was a passenger in his car. As to the impact, she stated, "We were hit hard from the rear by another car." Mabel Hastings, the plaintiff's wife, testified on direct examination about her husband's physical condition after the accident and the medical bills which were paid. On cross-examination, she was asked to describe the property damage resulting from the accident. Before she could respond, a damage estimate was handed to her in an attempt to refresh her recollection. She testified that a bumper was dented, a tail-

light was broken, and the back end of the auto was caved in. Mrs. Hastings concluded her testimony with the statement that she did not remember the cost of repairing the auto. After Hastings rested his case, Abernathy attempted to introduce into evidence the damage estimate. Although the complaint requested $400 for damages to the automobile, Hastings objected to admitting the exhibit because no claim was being pressed for property damage due to the lack of a paid bill. The defendant's attorney said he was presenting the estimate to show the degree of impact and the type of collision which occurred. The court refused to admit the exhibit and stated, "You have got to show different proof than that."

■■ There can hardly be any disagreement with the general argument in the defendant's brief that in a negligence action actual damages must be proven before there can be a recovery. (*Jeffrey v. Chicago Transit Authority* (1962), 37 Ill.App.2d 327, 185 N.E.2d 384.) It follows that the force of the impact in an automobile collision may be relevant in the proof of the causation and degree of personal injuries. Abernathy, however, attempted to prove force by an inference to be drawn from an estimate of the cost of repairing Hastings' automobile. An estimate lacks the validity of a paid bill. It is only someone's opinion of what the cost may be to make certain repairs. To qualify an estimate as probative evidence the qualifications of the estimated would have to be shown. No foundation was laid for the introduction of the exhibit and the testimony concerning it was not sufficient to establish its validity. The trial court properly rejected it.

At the request of Abernath's No. 1 attorney, a medical examination of Hastings was conducted by a doctor who testified on the defendant's behalf. The witness testified on direct examination as to his objective findings. He observed a wound on the right side of the neck and said that surgery had taken place. He performed various tests and detailed his objective findings to the jury. He also answered a hypothetical question encompassing the details of the accident, medical treatment and symptoms. On cross-examination the witness stated that he obtained a detailed history from Hastings. Despite objections, the court allowed him to respond to questions concerning Hastings' statements of subjective symptoms of pain, illnesses, occupations and visits to a medical clinic. Abernathy claims that it was prejudiced by the admission of this testimony.

■■ The witness was an examining physician and his testimony on direct examination was limited to objective conditions. The plaintiff had no right to elicit the objectionable testimony. An examining physician is not allowed to testify about a patient's statements of pain, subjective

symptoms and history. (*Jensen v. Elgin, Joliet and Eastern Ry. Co.* (1962), 24 Ill.2d 383, 182 N.E.2d 211.) Although error was committed in permitting the witness to review the history taken from Hastings, the admission of incompetent testimony by a physician does not justify a reversal where his testimony is merely corroborative of matters already proven by other evidence (*Korleski v. Needham* (1966), 77 Ill. App.2d 328, 222 N.E.2d 334.) In this case the content of the witness' objectionable testimony had been previously introduced into evidence by competent testimony.

■■ Abernathy's final contentions pertain to the testimony of the doctor who treated Hastings. Since Hastings had undergone medical treatment before the accident, an attempt was made to show his prior physical condition. The doctor was asked on direct examination if Hastings was gainfully employed two months before the accident. Following an objection which was overruled, the witness stated that, according to his records, Hastings was a minister and a door-to-door salesman. Subsequently, a motion to strike was denied. Since the type of work performed by a patient may be a factor in a treating physician's diagnosis, the information related to him by his patient is admissible. Abernathy further complains that the witness' testimony disclosed the diagnosis of another doctor, that a third doctor concurred with the witness' own diagnosis, and that Hastings had gone to a clinic for relief of the same injury for which the witness was treating him. This testimony was properly admitted by reason of the exception to the hearsay rule which provides for a physician's reliance upon outside sources. (*Becherer v. Best* (1966), 74 Ill.App.2d 174, 219 N.E.2d 371; *Hickey v. Chicago Transit Authority* (1964), 52 Ill.App.2d 132, 201 N.E.2d 742.) Finally, Abernathy contends the witness was allowed to invade the province of the jury when he expressed his opinion that Hastings was not a malingerer. We find no merit to this contention because the doctor was qualified as an expert and as such was competent to express an opinion on his patient's physical and mental condition. It is generally recognized that:

> "[A] professional or expert witness may properly be permitted to express his opinion as to whether pain or symptoms of diseases or injury complained of by one whom he has attended or examined are real, imaginary, or feigned." 31 Am.Jur.2d *Expert and Opinion Evidence* § 118, p. 659 (1967).

The judgment of the trial court is affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.