DONNA G. ROBERTS, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.—(RICHARD B. OGILVIE, Trustee, Defendant and Third-Party Plaintiff, *v.* COMMONWEALTH EDISON COMPANY *et al.*, Third-Party Defendants.)

First District (1st Division)     No. 81-757

Opinion filed March 29, 1982.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Leon Pawlykowycz, Assistant Corporation Counsel, of counsel), for appellant.

Joseph R. Curcio, Thomas W. Stewart, and Sidney Z. Karasik, all of Chicago, for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Donna Roberts brought a personal injury action against the City of Chicago and the Milwaukee Railroad Company to recover for injuries she sustained when she lost control of her automobile and collided with another automobile after hitting a pothole on or near a railroad crossing. Midway through the trial, Milwaukee Railroad Company settled with Roberts and was dismissed from the suit. The trial continued with the City of Chicago as the sole defendant. The jury found for Roberts and awarded her $300,000 in damages. The City of Chicago now appeals.

The issues on appeal are whether the trial court erred in: (1) not allowing the City of Chicago to file a third-party complaint against the Milwaukee Railroad; (2) in refusing to instruct the jury as to the statutory duty of railroads to maintain railroad crossings; and (3) in permitting plaintiff's previously undisclosed witness to testify.

We reverse.

On June 14, 1974, at 8 p.m., Donna Roberts (plaintiff) was involved in an automobile accident near a railroad crossing at 6605 West Diversey in Chicago. As she approached the railroad crossing, plaintiff slowed down and applied the brakes. When plaintiff drove across the tracks, her car hit one or more potholes and bounced. The steering wheel jerked out of plaintiff's hands and her car veered to the left and collided with another automobile.

Plaintiff brought an action against the City of Chicago (the City) and Milwaukee, St. Paul & Pacific Railroad Company (Milwaukee Railroad). In her complaint, she alleged that as a result of the City's failure to maintain the railroad crossing, she lost control of her car and collided with another vehicle. Further, she alleged that Milwaukee Railroad was guilty of negligence in maintaining the grade crossing.

The case went to trial on January 13, 1981. Midway through trial, Milwaukee Railroad reached a settlement with plaintiff in the amount of $50,000 and was dismissed from the suit. The City asked for leave to file a third-party complaint against Milwaukee Railroad. The motion was denied. The trial continued with the City as the sole defendant.

Numerous witnesses testified on behalf of both plaintiff and the City. Their testimony will be referred to as necessary in the body of this opinion.

The City tendered a jury instruction which stated that a railroad company must maintain highway grade crossings over its tracks and approaches thereto. The trial court refused to submit the instruction to the jury. On January 22, 1981, the jury returned a verdict for plaintiff in the amount of $300,000.

■■ First, the City argues that the trial court erred in not allowing it to file a third-party complaint against Milwaukee Railroad. On January 20, 1981, Milwaukee Railroad was dismissed. The following day, the City requested leave to file a third-party complaint against Milwaukee Railroad. The trial court denied the City's request. The basis for the trial court's decision was that it did not want to further delay the trial. We note that the City had 6½ years between the date the lawsuit was filed and the date the trial began in which to file a counterclaim (Ill. Rev. Stat. 1979, ch. 110, par. 38) or a third-party action (Ill. Rev. Stat. 1979, ch. 110, par. 25(2)). Instead, the City waited until after midtrial and after Milwaukee Railroad had been dismissed from the suit. Under these circumstances, we cannot

say that the trial court abused its discretion in refusing the City's request. See *Hastings v. Abernathy Taxi Association, Inc.* (1973), 16 Ill. App. 3d 671, 306 N.E.2d 498.

Next, the City argues that the trial court erred in refusing to submit to the jury an instruction relating to a railroad's statutory duty to maintain its railroad crossing. The tendered instruction included part of section 58 of the Public Utilities Act (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 62) and was patterned after IPI Civil No. 60.01 (Illinois Pattern Jury Instructions, Civil, No. 60.01 (2d ed. 1971)). The full text of the instruction is as follows:

> "At the time of the occurrence in question, there was in full force and effect in the STATE OF ILLINOIS and the CITY OF CHICAGO, a certain statute which provided that:
>
> > '* * * Every railroad company operating in the State of Illinois shall construct and maintain every highway grade crossing over its tracks within the State so that the roadway at the intersection shall be flush with the rails, and, unless otherwise ordered by the commission, shall construct and maintain the approaches thereto at a grade of not more than five (5) per cent within the right of way for a distance of not less than twenty-five (25) feet on each side of such tracks * * *'
>
> If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not the party was negligent before and at the time of the occurrence."

The trial court's reason for refusing to give the instruction was that Milwaukee Railroad was no longer a party to the lawsuit. The jury instruction unquestionably would have been appropriate if the trial court had permitted the City to file a third-party complaint. The fact that Milwaukee Railroad settled with plaintiff and was dismissed from the lawsuit raises a question as to the applicability of the instruction.

In order to determine whether the City was guilty of negligence, it was first necessary for the jury to determine whether it was the City's duty to maintain the crossway. In our opinion, the statutory provision included in the tendered jury instruction is dispositive of that issue. Clearly, it states that the railroad company has the duty of maintaining railroad crossings. Another portion of section 58 permits the Illinois Commerce Commission to relegate this duty to municipalities. (See Ill. Rev. Stat. 1979, ch. 111 2/3, par. 62; *City of Chicago v. Illinois Commerce Com.* (1979), 70 Ill. App. 3d 655, 388 N.E.2d 1084.) The record in this case, however, contains no evidence of any order assigning this duty to the City.

■■ Plaintiff urges that the City was not prejudiced by the trial court's

rejection of the instruction because the City was permitted to read pertinent provisions of section 58 to the jury and to refer to the statute in its closing argument. In our view, one of the essential purposes of an instruction is to highlight the law applicable to the facts of a case. Permitting defense counsel to read a statute to the jury and to refer to it in closing argument does not have the same effect as a jury instruction. We hold that the tendered instruction was a correct statement of the law applicable to the facts in this case and that the trial court erred in refusing to give it.

One additional point which merits mention is that plaintiff presented two witnesses who testified, in essence, that it was the duty of city police officers to report street hazards. Neither of these witnesses were listed in plaintiff's interrogatories or supplemental interrogatories. We recognize that the decision as whether to exclude a witness under these circumstances is within a trial judge's discretion. (See *Smith v. Realcoa Construction Co.* (1973), 13 Ill. App. 3d 254, 300 N.E.2d 855.) In light of our disposition of the case on the specific interrogatory issue, we need not determine whether the trial court abused its discretion in permitting these witnesses to testify. We note, however, that the testimony of these two witnesses was the only evidence regarding a city police officer's duty to report hazardous conditions and that it may have influenced the jury in its finding for plaintiff.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County.

Judgment reversed.

CAMPBELL, P. J., and O'CONNOR, J., concur.